UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN SULLIVAN, individually and on behalf of a class of all persons similarly situated and on behalf of the GE RETIREMENT SAVINGS PLAN,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, GE ASSET MANAGEMENT INCORPORATED, DMITRI STOCKTAN, CHERYL BEUCOCK, ANAND HARI, RALPH RICHARD LAYMAN, DANIEL O. COLAO, DAN TOREY, and JOHN DOES 1-25,<br><br>    Defendants. | Civil Action No. 17-12123-DJC |
| ANTHONY POWELL, FRANK MAGLIOCCA, KELVIN DOUGLAS, and MELINDA STUBBLEFIELD, individually and on behalf of a class of all person similarly situated and on behalf of the GE RETIREMENT SAVINGS PLAN,<br><br>    Plaintiffs<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, GE ASSET MANAGEMENT INCORPORATED, DMITRI STOCKTON, CHERYL BEACOCK, ANAND HARI, RALPH RICHARD LAYMAN, DAN TOREY, DANIEL O. COLAO and JOHN DOES 1-25,<br><br>    Defendants. | Civ. Action No. 1:17-CV-12139-NMG |

# JOINT MOTION TO CONSOLIDATE RELATED CASES AND SET A SCHEDULE FOR A CONSOLIDATED AMENDED COMPLAINT AND RESPONSIVE PLEADING

Defendants General Electric Company (GE) and GE Asset Management Incorporated ("Defendants") and all Plaintiffs in the above-captioned matters ("Plaintiffs", and collectively with Defendants, the "Parties") hereby move this Court for two types of relief to ensure the efficient administration of two related class action cases pending against the same group of defendants.

First, the Parties move the Court to consolidate the class action captioned as *Powell v. General Electric Company*, Civ. Action No. 1:17-CV-12139-NMG (the "Powell Action") with the lower-numbered, related class action captioned as *Sullivan v. General Electric Company*, Civil Action No. 17-12123-DJC (the "Sullivan Action") (collectively, the "Actions").

Second, the Parties request that this Court set a schedule for a consolidated amended complaint to be filed in the Actions and a single responsive pleading.

In support of this Joint Motion, the Parties state as follows:

## Background

1.     The Parties file this Joint Motion to seek the Court's assistance in ensuring the efficient administration of two related class action cases that assert similar causes of action against the same group of defendants, on behalf of overlapping putative classes. Both cases concern the management of the GE Retirement Savings Plan (the "Plan"), a 401(k) retirement plan sponsored by GE and offered to GE employees. Both cases bring claims exclusively under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), alleging that various GE-related defendants violated ERISA in their management of the Plan.

2.     On October 30, 2017, the Sullivan Action was filed in this Court and, after initial assignment to another judge, was subsequently reassigned to the Hon. Denise Casper. An

2

Amended Complaint was subsequently filed in the Sullivan Action on November 1, 2017. Dkt. No. 5.

3. On November 1, 2017, the Powell Action was filed in this Court and was assigned to the Hon. Nathaniel M. Gorton. The Complaint in the Powell Action is attached as Exhibit A.

4. The Sullivan and Powell Actions are factually and legally overlapping class action complaints with the only material differences being the named plaintiffs in each action. Both complaints assert five nearly identical causes of action under ERISA against the same Defendants relating to the management of the Plan. Both actions are brought by participants in the Plan. *See Sullivan* Am. Compl. ¶ 18; *Powell* Compl. ¶ 18. Both actions challenge five specific investment funds offered in the Plan that were managed by defendant GE Asset Management Incorporated. *See Sullivan* Am. Compl. ¶ 4; *Powell* Compl. ¶ 4. Both actions seek similar relief and to certify an identical class of all persons, other than Defendants, who were participants in or beneficiaries of the Plan and whose accounts included investments in the five challenged funds. *See Sullivan* Am. Compl. ¶¶ 4, 135 (proposing a class period of June 20, 2011-June 15, 2017); *Powell* Compl. ¶¶ 4, 137 (proposing a class period of June 20, 2011-June 30, 2016).

5. Given the direct factual and legal overlap in the Powell and Sullivan Actions, and the lack of any material differences, the Parties in both Actions agreed the cases should be deemed related under the Local Rules and handled by the same district court judge. On November 9, 2017, the parties in the Powell Action filed a *Joint Motion For Reassignment of Related Case Pursuant to Local Rule 40.1*. That motion was filed in the higher-numbered Powell Action as required by Local Rule 40.1(g), with a courtesy copy to this Court.

6. Because these Actions concern the exact same factual and legal issues, as well as the same defendants, the efficient and logical course is for the two cases to be consolidated into and litigated as a single action.

7. To effect this and minimize the burden on the courts, the Parties have agreed to consolidate the Powell and Sullivan Actions, and to set a schedule for Plaintiffs to file a consolidated amended complaint by December 22, 2017, and for Defendants to respond to the consolidated amended complaint by January 31, 2018.

## Consolidation of the Sullivan and Powell Actions

8. The first form of relief requested by the Parties is for the Court to consolidate the Sullivan and Powell Actions pursuant to Federal Rule of Civil Procedure 42(a). In compliance with Local Rule 40.1(j), this Joint Motion is being filed in the lower-numbered Sullivan Action. The Parties are also filing a Notice of this Joint Motion contemporaneously in the Powell Action.

9. Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication. Fed. R. Civ. P. 42(a). *See also Willard v. Town of Lunenburg*, 202 F.R.D. 57, 59 (D. Mass. 2001) (where cases satisfy threshold test of involving a "common party and common issues of fact or law," consolidation is favored and subject to district court judge's "'broad discretion in weighing costs and benefits of consolidation'"), *quoting Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Groups, Inc.*, 878 F.3d 5, 8 (1st. Cir. 1989) (if threshold test satisfied, consolidation usually granted).

10. Here, all relevant considerations strongly favor consolidation. First, the "threshold" test of common parties and common issues of fact or law is satisfied. Both Actions involve virtually the same allegations and claims relating to investment options made available

in the Plan and seek effectively the same relief on behalf of effectively identical proposed classes.  Second, consideration of the costs and benefits also strongly favors consolidation, rather than litigating identical cases and issues under different docket numbers.  Consolidation here is particularly appropriate since all Parties agree it is the best interests of both judicial efficiency and the Parties.

### Setting a Schedule for a Consolidated Amended Complaint and Responsive Pleading

11.     The second form of relief requested by the Parties is for the Court to set a schedule for the filing of a consolidated amended complaint in the two Actions and a single responsive pleading by the Defendants.

12.     If these two Actions are consolidated, it will be necessary for the two plaintiff groups to confer on and file a consolidated amended complaint.  Currently, GE's response in the Powell Action is due on November 24, 2017, the Friday after the Thanksgiving Holiday, as the complaint in the Powell Action was served on GE on November 2, 2017; the complaint in the Sullivan Action has not yet been served.

13.     The Parties propose that the Court set the following schedule:

   a. Plaintiffs in the Sullivan and Powell Action to file a consolidated amended complaint by December 22, 2017.

   b. Defendants to file a single responsive pleading by January 31, 2018.

### Disclosure of Two Other Related Lawsuits

14.     Although not directly relevant to this Joint Motion, the Parties also note for the Court that two other related lawsuits have also been filed against the Defendants concerning the same subject matter.

15.     First, on September 26, 2017, a substantively-similar complaint was filed in the Southern District of California:  *Haskins v. General Electric Company*, 17-cv-1960 (S.D. Cal.)

(the "Haskin Action").  Like the Powell and Sullivan Actions, the Haskins Action involves the same types of ERISA claims challenging the same Plan investment options as are at issue in *Sullivan* and *Powell* and seeking effectively the same relief on behalf of a virtually identical proposed class.  The Complaint in the Haskins Action is attached as Exhibit B.

16.     GE's responsive pleading deadline in the Haskins Action is currently December 4, 2017.  On or before that date, GE intends to file a motion to transfer venue in the Haskins Action seeking to transfer the case to the District of Massachusetts.  Under the first-to-file rule, GE is required to file such a motion to transfer venue in *Haskins*, as it was the earliest filed case.  *See EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 129 (D. Mass. 2012) ("The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate.  Courts in nearly every circuit have held that the court in which the second action is filed should defer to courts in the first-filed action") (citing cases).

17.     GE will keep this Court updated on the status of the Haskins Action and whether it appears likely to be transferred to this District and potentially subject to further consolidation.

18.     Second, another substantively-similar action was just filed in this District on November 15, 2017:  *LaTorre v. General Electric Company,* 1:17-CV-12267 (the "LaTorre Action").  The Civil Cover Sheet in the LaTorre Action identifies the Sullivan Action as a related case.  The Complaint in the LaTorre Action is attached as Exhibit C.

19.     The Parties have just become aware of the LaTorre Action, and they intend to confer with the plaintiffs in that matter as to the propriety of further consolidation of these Actions.

WHEREFORE, by and through their counsel, the Parties respectfully request that this Court enter an Order: (i) consolidating the Powell Action with the Sullivan Action, and (ii) setting December 22, 2017 as the deadline for the filing of a consolidated amended complaint and January 31, 2017 as the responsive pleading in the consolidated action.

Dated: November 16, 2017

Respectfully submitted,

/s/ James O. Fleckner
James O. Fleckner (BBO# 641494)
Alison V. Douglass (BBO# 646861)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
JFleckner@goodwinlaw.com
ADouglass@goodwinlaw.com

*Counsel for Defendants General Electric Company and GE Asset Management Incorporated*

/s/ Jason M. Leviton
Jason M. Leviton
BLOCK & LEVITON LLP
155 Federal Street, Suite 400
Boston, MA 02110
Tel: (617) 398-5600
Fax: (617) 507-6020
Jason@blockesq.com

R. Joseph Barton
BLOCK & LEVITON LLP
1735 20th Street NW
Washington DC 20009
Tel: (202) 734-7046
Jbarton@blockesq.com

Mark C. Gardy
Orin Kurtz
GARDY & NOTIS, LLP
Tower 56
126 East 56th Street
New York, NY 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
mgardy@gardylaw.com
okurtz@gardylaw.com

Lee Squitieri
SQUITIERI & FEARON, LLP
32 East 57th Street
12th Floor
New York, NY 10022
(212) 421-6492
lee@sfclasslaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I, James O. Fleckner, hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 16th day of November 2017.

                /s/ James O. Fleckner