UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE GE ERISA LITIGATION | Civil Action No. 1:17-12123-DJC |

# DEFENDANTS' MEMORANDUM IN SUPPORT OF
# MOTION FOR RECONSIDERATION

Jaime A. Santos (BBO #689946)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000
jsantos@goodwinlaw.com

James O. Fleckner (BBO #641494)
Alison V. Douglass (BBO #646861)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
jfleckner@goodwinlaw.com
adouglass@goodwinlaw.com

Dated: January 11, 2019

*Counsel for Defendants*

**TABLE OF CONTENTS**

<u>Page</u>

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

ARGUMENT ................................................................................................................................... 3

I.     The Court Misapprehended the Interaction Between ERISA's Prohibited Transaction Provision (§ 406) and Its General Fiduciary Breach Provision (§ 404(a)). ................................................................................................................. 3

II.     To the Extent Footnote 11 Could Be Construed as an Alternative Ground for Denying Dismissal, the Court Misinterpreted the Fourth Condition of PTE 77-3 .............. 6

III.     The Court Should Correct this Error Without Delay. ........................................................ 7

CONCLUSION ................................................................................................................................ 7

# INTRODUCTION

Defendants respectfully move the Court to reconsider one narrow aspect of the Court's December 14, 2018 Memorandum & Order ("Order" or "Slip Op.," Dkt. No. 102): the application of Prohibited Transaction Exemption 77-3 ("PTE 77-3") to Count IV of the Second Amended Complaint ("Complaint"). Count IV alleges a prohibited transaction in violation of ERISA § 406 by offering five funds formerly managed by a GE affiliate (the "GE Funds") through the GE Retirement Savings Plan ("the Plan"). Slip Op. 5-6. In concluding that, at this stage of litigation, PTE 77-3 does "not apply" to Count IV because Plaintiffs adequately allege a *separate* violation of the duty of prudence under ERISA § 404(a), Slip Op. 9, the Court misapprehended the relationship between ERISA's general fiduciary breach provisions (contained in ERISA § 404(a)) and ERISA's prohibited transaction provisions (contained in ERISA § 406), and grafted onto PTE 77-3 a condition that is not contained in that exemption.

In its Order, the Court correctly observed that PTE 77-3 expressly exempts the offering of proprietary mutual funds such as the GE Funds from § 406 where four specifically articulated conditions are met. Slip Op. at 8 & 9 n.11. In other words, as the Court correctly recognized, the statute provides that if these four conditions are met, Defendants' offering of the GE Funds does not constitute a prohibited transaction under § 406 as alleged in Count IV. The Court further observed that PTE 77-3, however, "does not relieve a fiduciary from . . . ERISA § 404's general fiduciary responsibilities." Slip Op. at 8 & 9 n.11. While the Court was also correct in this observation, the Court incorrectly concluded from this principle that, because Plaintiffs adequately alleged a breach of § 404(a), PTE 77-3 does not bar their claim under § 406. In fact, black letter law establishes the opposite: §§ 404(a) and 406 contain independent obligations, and while PTE 77-3 does not in any way preclude Plaintiffs from pursuing their claims under § 404(a)

1

(which will proceed under the Court's Order), PTE 77-3 does preclude Plaintiffs' § 406 claim set forth in Count IV.  Satisfaction of the general fiduciary duties under ERISA § 404 is not one of the four conditions of PTE 77-3.

Because neither party advocated the interpretation of PTE 77-3 that the Court adopted, Defendants did not previously have the opportunity to address this issue and respectfully do so through this motion.  As the First Circuit and this Court acknowledge, correcting a misapprehension of a point of law is an appropriate basis for a motion for reconsideration.  *See, e.g.*, *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); *United States ex rel. Williams v. City of Brockton*, No. 12-cv-12193-IT, 2016 WL 7428187, at *1 (D. Mass. Dec. 23, 2016) (Talwani, J.) (granting reconsideration of partial dismissal).[1]

For these and the reasons below, Defendants' Motion for Reconsideration should be allowed, and Plaintiffs' remaining prohibited transaction claim (Count IV) should be dismissed.

## BACKGROUND

Plaintiffs assert four claims alleging that Defendants failed to comply with ERISA's general fiduciary duties, set forth in § 404(a), in offering the GE Funds (Counts I, II, V, VI). Plaintiffs assert two separate claims alleging that offering the GE Funds violated ERISA's § 406 prohibited transaction provisions (Counts III and IV).  This Court previously concluded that the Complaint adequately pleads claims under § 404(a).  Slip Op. 2.  In its Order addressing Plaintiffs' § 406 claims, the Court concluded that (i) Count III is time-barred; (ii) Count IV is not time-barred at this stage; (iii) Defendants' offering of the GE Funds falls within § 406(b); and (iv) PTE 77-3 does not apply at this stage because Plaintiffs have adequately pleaded a breach of §

---

[1] The First Circuit and this District have not been doctrinally rigid about the specific section of the Federal Rules of Civil Procedure under which a motion for reconsideration should be filed when a party is moving based on a misapprehension of law.  Defendants have moved under Rules 59(e), 60(a), and 60(b)(6), any of which would permit the court to amend its Order.  The Court also has inherent authority to revise any order "at any time before the entry of judgment." Fed. R. Civ. P. 54(b).

2

404(a).  Defendants ask the Court to reconsider only the last holding.

## ARGUMENT

### I. The Court Misapprehended the Interaction Between ERISA's Prohibited Transaction Provision (§ 406) and Its General Fiduciary Breach Provision (§ 404(a)).

This Court declined to dismiss Count IV, holding that PTE 77-3, an exemption that allows a company to offer affiliated mutual funds without committing a § 406 prohibited transaction, was inapplicable at this stage because Plaintiffs adequately pleaded a violation of ERISA's general fiduciary duties under § 404(a).  This conclusion conflated §§ 404(a) and 406, and erroneously made compliance with one provision a condition of compliance with the other.

Courts have repeatedly recognized that ERISA §§ 404(a) and 406 set forth "separate and distinct" duties and prohibitions.  *In re Honda of Am. Mfg., Inc. ERISA Fees Litig.*, 661 F. Supp. 2d 861, 868 (S.D. Ohio 2009); *Cassell v. Vanderbilt Univ.*, 285 F. Supp. 3d 1056, 1068 n.8 (M.D. Tenn. 2018); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 92 (3d Cir. 2012).  ERISA § 404(a) requires fiduciaries to undertake an appropriate decisionmaking "process," *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 931 F. Supp. 2d 296, 305 (D. Mass. 2013), whereas ERISA § 406 "categorically" bars certain types of transactions that could be detrimental to plan participants, irrespective of the adequacy of the fiduciary's process in consummating those transactions.  *Nat'l Sec. Sys.*, 700 F.3d at 92 (citing *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 242 (2000)).

ERISA § 408(a) gives authority to the Department of Labor ("DOL") to establish exemptions from § 406's categorical prohibitions on an individual or "class" basis where doing so is in the interests of plan participants.  This subsection makes clear that even if such an exemption relieves a fiduciary from the § 406 prohibitions, that does not mean that the fiduciary is "relieve[d] . . . from any other applicable provision of this chapter." 29 U.S.C. § 1108(a).  But

3

§ 408(a) does not engraft § 404(a) onto DOL exemptions—indeed, it expressly gives authority *to DOL* to make the exemption "unconditional" or to establish conditions with which fiduciaries must comply. *Id.*

PTE 77-3 is a "conditional" exemption; it is a "class exemption" that applies when fiduciaries select a "mutual fund"[2] managed by an affiliated investment adviser. 42 Fed. Reg. 18,734 (1977). The Preamble makes clear that for the exemption to be "applicable," the ***only requirements*** are "the conditions specified in the class exemption." *Id.* at 18,734. The text of the exemption makes this point as well, providing that "the restrictions of section[] 406 . . . ***shall not apply*** to [the use of affiliated mutual funds] ***provided that the following conditions are met***." *Id.* at 18,735 (emphases added). The exemption contains four conditions: that (i) the plan cannot pay any fee aside from the investment advisory fees paid by the mutual fund under its investment advisory agreement, (ii) the plan generally does not pay redemption fees, (iii) the plan cannot pay sales commissions, and (iv) "[a]ll other dealings between the plan and the investment company"—*i.e.*, the mutual fund—are "no less favorable to the plan than such dealings are with other shareholders of the investment company." *Id.*

PTE 77-3 contains no requirement concerning the fiduciary process that led to the selection of the affiliated mutual funds. Indeed, the Preamble's "General Information" section reiterates that process-based claims under § 404 are entirely separate from the PTE 77-3 analysis: "[t]he fact that a transaction is the subject of an exemption . . . does not relieve a fiduciary" from ***other*** provisions of ERISA or the Internal Revenue Code, including "the general fiduciary responsibility provisions of section 404." 42 Fed. Reg. at 18,734.

The Court's Order read this language in the Preamble to mean that PTE 77-3 "would not

---

[2] 42 Fed. Reg. at 18,734 ("The class exemption would exempt . . . the acquisition and sale of shares of a registered open-end investment company ('mutual fund') . . . ."); *see also Inv. Co. Inst. v. Camp*, 401 U.S. 617, 625 (1971) ("A mutual fund is an open-end investment company.").

4

apply" where a fiduciary has violated § 404(a). Slip Op. 8-9. It erroneously grafted onto PTE 77-3 a *fifth* condition that the DOL could have included but did not.

Nothing in the text of PTE 77-3 makes compliance with § 404(a) a *condition* of the exemption's application to an alleged § 406 violation. It simply states what § 408(a) also makes clear—that ERISA §§ 404 and 406 are separate. Compliance with PTE 77-3 negates a claim under § 406 (like Count IV), but it does not immunize a fiduciary from liability for breaching ERISA's general fiduciary obligations under § 404(a). Just as *complying with* one provision of ERISA does not ensure compliance with the other, violating one does not result in a violation of the other. *See Waller v. Blue Cross of Cal.*, 32 F.3d 1337, 1342 (9th Cir. 1994) ("We . . . hold that plaintiffs have alleged facts sufficient to state a claim for breach of fiduciary duty under ERISA § 404. We affirm, however, the district court's dismissal of plaintiffs' claims based on alleged violations of ERISA §§ 406 . . . ."); *Kayes v. Pac. Lumber C.*, 51 F.3d 1449, 1466 (9th Cir. 1995) (same).

In short, if a fiduciary breaches her *general* fiduciary duties through the process employed in retaining affiliated mutual funds, but satisfies the four conditions set forth in PTE 77-3, she may be liable for violating § 404(a), but she would *not* have violated § 406. Indeed, like *Waller*, courts regularly have dismissed prohibited transaction claims under PTE 77-3 even though they held that the allegations would support § 404(a) fiduciary breach claims. *See, e.g.*, *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3128996, at *8, *12 (M.D.N.C. June 26, 2018); *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15 CIV. 9936 (LGS), 2018 WL 2727880, at *6 (S.D.N.Y. June 6, 2018); *Leber v. Citigroup, Inc.*, No. 07 Civ. 9329(SHS), 2010 WL 935442, at *12-13; *Mehling v. New York Life Ins. Co.*, 163 F. Supp. 2d 502, 510–11 (E.D. Pa. 2001).

Defendants did not previously have an opportunity to clarify the distinction between

§§ 404(a) and 406 because Plaintiffs did not advocate the interpretation that the Court ultimately adopted. Instead, Plaintiffs' only ground for denying dismissal of Count IV under PTE 77-3 was that PTE 77-3 is an "affirmative defense" that they had no burden to negate at this stage. ECF No. 86, at 21-22. The Court correctly rejected that position. Slip Op. 9. Defendants therefore ask this Court to correct its misinterpretation of PTE 77-3 and dismiss Count IV because Plaintiffs failed to allege any facts indicating that PTE 77-3's four conditions were not satisfied.

## II.     To the Extent Footnote 11 Could Be Construed as an Alternative Ground for Denying Dismissal, the Court Misinterpreted the Fourth Condition of PTE 77-3.

The Court suggested in a footnote that PTE 77-3's fourth condition might not be satisfied because Plaintiffs alleged that Defendants should have chosen "cheaper and better performing" investment options managed by "unaffiliated companies." Slip. Op. 9 n.11. If this footnote is an alternative ground for denying dismissal of Count IV, it, too, misapprehends PTE 77-3.

PTE 77-3's fourth condition does not rely on any comparison of the affiliated mutual fund to others in the market. Instead, it requires that "[a]ll other dealings between the plan and the investment company [a/k/a mutual fund] . . . are on a basis no less favorable to the plan than such dealings are with other shareholders of *the investment company*," 42 Fed. Reg. at 18,735 (emphasis added). "[T]he investment company" refers specifically to *the* affiliated "mutual fund" whose exemption is at issue: GE Plan participants who invest *in that fund* must be treated as favorably as any other investors *in that same fund*. The availability of "investment options from unaffiliated companies" (Slip Op. 9 n.11) may be relevant to whether there was a procedural fiduciary breach under § 404(a), but not to whether PTE 77-3's fourth condition is satisfied. *See Moreno*, 2018 WL 2727880, at *6 ("Defendants' argument fails, because it ignores the explicit language of PTE 77-3, which requires at least equally favorable terms only with other shareholders in the mutual fund, but not investors in similar but distinct investments.").

6

Here, Plaintiffs acknowledge that the GE Funds had investors outside of the GE Plan. *See* Complaint ¶¶ 84, 94. But the Complaint does not allege any way in which the investment terms of *the GE Funds* (*e.g.*, fees, share class, etc.) were less favorable for Plan participants than for investors outside of the Plan, or any other way in which the GE Funds' dealings differed between Plan participants and other investors.[3] Count IV should therefore be dismissed.

### III.    The Court Should Correct this Error Without Delay.

Dismissing Plaintiffs' final, inadequately-pleaded prohibited transaction claim now will streamline further proceedings and allow the parties to focus discovery and future briefing on the §§ 404(a) and 405 fiduciary breach (and remedies) issues that remain. But correcting this error now is vital for another reason: In addition to exempting fiduciaries from potential liability in a civil matter, PTE 77-3 also exempts plan sponsors from a *15%* excise tax. 26 U.S.C. § 4975; 42 Fed. Reg. at 18,734. Plan sponsors rely on the certainty provided by PTE 77-3's conditions to know at the outset whether they can offer affiliated mutual funds, which DOL has recognized is "in the interests of plans and of their participants and beneficiaries," 42 Fed. Reg. at 18,734, without incurring significant tax liability. Defendants are unaware of any instance in which the IRS has imposed the 15% tax where each of PTE 77-3 conditions is satisfied but some *other* violation of ERISA may have occurred. This Court's contrary holding unsettles the regulated community's long-held understanding of PTE 77-3.

### CONCLUSION

For the foregoing reasons, this Motion for Reconsideration should be allowed, and Count IV should be dismissed.

---

[3] Plaintiffs' argument that Defendants retained those funds for the GE Plan, when other investors sold those funds, does not establish that the GE Plan or its participants were treated any differently than other investors. To the contrary, Plaintiffs allege that it was the *same terms*—the same alleged performance deficiencies and high fee—which caused other investors to exit certain of those funds. Defendants' decisions to retain the funds on the investment line-up, and the Plan participants' decisions whether to buy or sell their shares of the funds, are not relevant to the satisfaction of PTE 77-3's conditions.

| | |
|---|---|
| Dated: January 11, 2019 | Respectfully submitted,<br><br>/s/ James O. Fleckner<br>James O. Fleckner (BBO #641494)<br>Alison V. Douglass (BBO #646861)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>(617) 570-1000<br>jfleckner@goodwinlaw.com<br>adouglass@goodwinlaw.com<br><br>Jaime A. Santos (BBO #689946)<br>GOODWIN PROCTER LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>(202) 346-4000<br>jsantos@goodwinlaw.com<br><br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

      I, James O. Fleckner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 11, 2019.

                                               /s/ James O. Fleckner