UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re GE ERISA LITIGATION | ) | Master File No. 1:17-cv-12123-IT |
| | ) | |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) | |
| | ) | [~~PROPOSED~~] ORDER FOR THE |
| ALL ACTIONS. | ) | PRODUCTION AND EXCHANGE OF |
| | ) | CONFIDENTIAL INFORMATION |
| | ) | |

Plaintiffs Maria LaTorre, Robyn Berger, Brian Sullivan, Frank Magliocca, Melinda Stubblefield, Kristi Haskins, Laura Scully, Donald J. Janak, John Slatner, and Chip Knight (collectively "Plaintiffs") and Defendants General Electric Company, GE Asset Management Incorporated, and the other defendants (collectively, "Defendants") named in the above-captioned action (the "Action"), having agreed to the entry of a protective order (the "Order" or "Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and having agreed to the terms of this proposed order; accordingly, it is ORDERED:

1. Definitions:

    (a) "Material" as used herein shall mean documents, deposition testimony, deposition exhibits, written discovery requests and responses thereto, interrogatories and responses thereto, requests for admission and responses thereto, affidavits, declarations, trial testimony and any other information or material produced, given, or exchanged in connection with the Action.

    (b) "Confidential Material" shall mean any Material designated "Confidential" in accordance with this Order.

    (c) "Parties" shall mean the Plaintiffs or Defendants collectively, even if any of the individual Plaintiffs or Defendants are later dismissed from this Action, and any individuals or entities subsequently joined to this Action, while "Party" refers to a single Plaintiff, Defendant, or party later joined to this Action.

    (d) A Party or non-Party that designates Material as Confidential Material is referred to herein as a "Designating Party."

    (e) A Party or non-Party that produces or discloses Material in this Action is referred to interchangeably herein as a "Producing Party" or a "Disclosing Party."

(f) A Party or non-Party that receives Material in this Action from a Producing Party is referred to herein as a "Receiving Party."

2. This Order shall govern the handling, production, or exchange of any Material by any Party to this Action, and the handling, production or exchange of any Material by any non-Party that is either a Producing Party or Receiving Party.

3. Any Party or non-Party may designate Material produced or disclosed in this Action as "Confidential" if the Party or non-Party believes in good faith that such Material is not in the public domain and contains or reflects (a) trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) private or confidential personal information, or (c) information received in confidence from third parties, or if the Producing Party otherwise believes the Material in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Private or confidential personal information includes identifying information of the type described in Federal Rule of Civil Procedure Rule 5.2. However, to qualify as "confidential" information under this Paragraph, the disclosure of the information of the type described in categories (a), (b) and (c) above to persons other than those listed in Paragraph 6 would likely cause competitive, financial or personal harm that could not be otherwise avoided by less restrictive means. All information derived from Material designated as Confidential, including but not limited to extracts, summaries, and descriptions of such material, shall be treated as Confidential in accordance with the provisions of this Order.

4. All Confidential Material produced or disclosed in this action and any documents or information derived therefrom, shall be used solely for purposes of the prosecution of claims or defenses in this litigation, and may not be used for any other purpose whatsoever, including but

not limited to any business or commercial purpose, for dissemination to the media or the public. The disclosure limitations in Paragraph 3 shall not apply to any Material obtained by a Party outside the course of discovery in this Action.

5. The designation of Material as "Confidential" for purposes of this Order shall be made in the following manner:

(a) In the case of Material apart from depositions or other pretrial testimony: by affixing the legend "Confidential" to each page of each document containing any Confidential Material; *provided, however*, that if a Producing Party inadvertently produces Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Material promptly after discovering that the information was inadvertently produced, with the effect that such Material will thereafter be subject to the protections afforded by this Order to Confidential Material. If, prior to receipt of such notice, the Receiving Party, not having any good faith reason to believe that the producing Party had inadvertently failed to designate the Material as "Confidential" had disclosed such Material in a manner that resulted in the wide-spread publication of the Material so that it could no longer be considered "Confidential," the subsequent Notice shall not be effective. In no event, however, shall the Receiving Party incur no liability for any failure to treat Confidential Material as such prior receipt of the notice.

(b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within thirty (30) days after receiving a copy of the certified, final transcript thereof, unless a different period is agreed upon by the Parties; and in both of the

foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. All deposition transcripts and other pretrial testimony shall be treated as "Confidential" until the expiration of the thirtieth day after receipt by counsel of a copy of the certified, final transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court, or by application to the Court for good cause shown.

      (c)    A Party may designate any Material produced by a Producing Party as Confidential Material only if said Material contains or reflects the Designating Party's own Confidential Material. The Designating Party shall endeavor to designate Material as "Confidential" within thirty (30) days of the date of its receipt of the Material, or as many days as agreed upon by the Parties. Material produced by any Producing Party must be treated as "Confidential" for a period of thirty (30) days, or as many days as agreed upon by the Parties, after receipt of the Material from the Producing Party. In order to designate Material produced by another Producing Party as "Confidential" the Designating Party must provide notice to all Parties identifying the Material designated as Confidential Material within the thirty (30) day period, unless a longer period is agreed upon by the Parties. Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the Material to each Party reflecting the new designation. Each Party will replace the previously produced Material with the newly designated Material and will destroy the previously produced Material. Any Party may object to the designation of Confidential Material pursuant to the procedures set forth in Paragraph 18. The Designating Party shall bear the burden of establishing the basis for the confidentiality designation.

6. Unless otherwise directed by the Court, Material designated as "Confidential" may be disclosed only to the following persons, each of whom shall be bound by this Order:

(a) Counsel of record to the Parties, as well as the legal associates, paralegal, and clerical or other support staff who are employed by such counsel or their client(s) and are involved in assisting in the Action;

(b) Persons who are the author(s), recipient(s), addressee(s), and person(s) copied with respect to the particular Confidential Material, and their counsel;

(c) Experts, consultants, or investigators and their staff (collectively, "Experts") retained or consulted by counsel for the Parties to assist in the Action, in accordance with the terms of Paragraph 9 below;

(d) Court reporters, stenographers, audio personnel, and video technicians transcribing or recording proceedings in the Action, each of whom shall be bound by this Order;

(e) Other persons to whom the Court specifically allows disclosure, after application by the Party seeking such disclosure and an opportunity to reply by the Producing Party (or, if not the same person or entity, the Designating Party);

(f) Any mediator agreed upon by the Parties in the Action, and such mediator's employees and staff;

(g) Outside copy and computer services personnel for purposes of copying, imaging or indexing documents;

(h) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use by the Parties or their counsel,

experts or consultants, as well as their staff and clerical employees whose duties and responsibilities require access to such materials;

(i) The Parties, provided that they sign an undertaking (to be retained by counsel for the Party disclosing the Confidential Material to that Party) in the form attached as Exhibit A hereto. In the case of parties that are corporations or other business entities, this shall include employees, officers, directors, representatives, general partners, limited partners, and affiliates;

(j) Any former affiliates, officers, directors and employees of a Party;

(k) Persons noticed for depositions or designated as trial witnesses;

(l) Persons testifying at depositions, provided that such disclosure is reasonably necessary;

(m) Any insurer that may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse litigation expenses and/or payments made to satisfy any judgment and such insurers' coverage counsel;

(n) Any Party's accountants or auditors as necessary for auditing or financial reporting purposes;

(o) Any other persons who the Designating Party agrees in writing, or on the record at a deposition or hearing, may have access to the Material; and

(p) Any other person agreed upon in writing by the Parties.

7. This Order is intended to cover Material produced or provided by all Parties to this Order, whether in their capacity as a Party pursuant to Federal Rules of Civil Procedure Nos. 30, 31, 32, 33, 34 or as a non-Party pursuant to Federal Rule of Civil Procedure No. 45.

8. Every person given access to Confidential Material or information contained therein shall not make copies, notes, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in this Action, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and each such copy or other document is to be treated in accordance with the provisions of this Order.

9. Confidential Material may be provided to persons listed in Paragraph 6(c) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify at a deposition, hearing or trial, or to assist counsel in the prosecution or defense of the Action, provided that such expert or consultant is using said Confidential Material solely in connection with the Action, and provided further that they or someone else employed at the same entity signs an undertaking (to be retained by counsel for the Party disclosing the Confidential Material to such expert) in the form attached as Exhibit A hereto.

10. Confidential Material may be provided to persons listed in Paragraph 6(h) above if those persons or someone else employed at the same entity with authority to do so has signed a non-disclosure agreement in the form attached hereto as Exhibit A, or has otherwise agreed in writing to non-disclosure.

11. No Party shall file any Confidential Material with the Court until the Court determines whether such material may be filed under seal or on the public docket. A Party seeking to file Confidential Material designated by another Party or non-Party shall first provide 5 days' notice of its intention to do so to that Designating Party, but if (a) the Court issues an order compelling a filing less than five days from the date of the order, (b) the Confidential Material sought to be filed was first produced or disclosed less than 5 days from the date of filing, or (c) if

the parties otherwise agree, the Party shall provide such reasonable notice as the circumstances warrant. This notice shall detail precisely which documents or other Material that the Party seeks to file (by bates number or other individually identifiable information). The Party and Designating Party shall then meet and confer, within the next 3 days (or such shorter period as the circumstances warrant, if the Party first provided notice to the Designating Party less than 5 days prior to the date of filing under the circumstances described above), to discuss whether the Designating Party would consent to the public filing of any of the documents or other Material specified in the notice. Absent agreement, the Designating Party shall file promptly a motion to Impound Confidential Material in accordance with District of Massachusetts Local Rule 7.2 and ECF Administrative Procedures (a "Motion to Impound") regarding any Confidential Material that the Designating Party has directed not be filed publicly. The Motion to Impound shall reference this Order, describing the general nature and purpose for submitting the paper (*i.e.*, exhibit to declaration in support of motion, etc.) and provide a factual determination of potential harm to support the request for leave to file the document under seal. Reference to a document's designation as Confidential Material pursuant to the Protective Order, without more, will not suffice to show a particularized need for impoundment. The Parties will assent to the filing of any Motion to Impound concerning any such Confidential Material, without waiving any of their rights or objections, including relating to the relevance or admissibility of such material.

12.     If a Party obtains leave to file Confidential Material under seal, the filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the file. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto,

discloses or relies on Confidential Material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

13. Any Party that seeks to use in open court, whether at trial or in any other hearing, any Material designated as Confidential Material by any other Party or non-Party, must give advance notice to the Designating Party, shall use best efforts to provide such notice five (5) business days in advance, but if (a) the Court issues an order setting a hearing less than five days from the date of the order, (b) the Confidential Material sought to be filed was first produced or disclosed less than 5 days from the date of filing, or (c) if the parties otherwise agree, the Party shall provide such reasonable notice as the circumstances warrant. That Party shall thereafter confer in good faith with the Designating Party to try to agree upon procedures regarding the use of such information to preserve, as much as practicable, its confidentiality, and otherwise to allow the Designating Party to seek appropriate relief from the Court to preserve the confidentiality of the Confidential Material. Pretrial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Confidential Material from disclosure to persons not authorized to have access to such Material

14. At the request of the Designating Party, persons not permitted access to Confidential Material under the terms of this Order shall not be present at depositions while the Designating Party's Confidential Material is discussed or otherwise disclosed.

15. Material designated as Confidential may be shown to any person listed in Paragraph 6(l) above to the extent that a Party expects in good faith that such person will appear as a deponent or witness, and only to the extent necessary for that person to prepare to testify.

16. All persons receiving Material or Confidential Material shall be subject to the requirements to return such material, and any information derived therefrom, as set forth in Paragraph 19 below.

17. Entering into or agreeing to this Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Order, shall not: (i) operate as an admission by the Receiving Party that any particular Material designated as "Confidential" by the Producing Party (or, if not the same person or entity, the Designating Party) is appropriately designated as such; (ii) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order; (iii) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Material; or (iv) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Material.

18. Any Party in this Action may object to the designation by a Producing Party (or, if not the same person or entity, the Designating Party) of any Material as "Confidential" by serving a written objection upon the Producing Party (or, if not the same person or entity, the Designating Party). The Parties shall then attempt to resolve by agreement the question of whether the document or information is entitled to the designated confidential treatment. If the Parties are unsuccessful in reaching an agreement, either Party may apply to the Court to resolve the dispute, so long as any Confidential Material submitted with such requests is accompanied by a motion for impoundment pursuant to Local Rule 7.2, and the Confidential Material continues to be treated according to the manner in which it was designated through the pendency of such judicial intervention. In any proceeding challenging the confidentiality designation of Material, the burden

shall be on the Party asserting confidentiality to establish that the material is entitled to confidential treatment under the law.

19. The provisions of this Order shall, absent written permission of the Producing Party (and, if not the same person or entity, the Designating Party) or further order of the Court, continue to be binding throughout and after the conclusion of the Action. Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Action, including without limitation any appeals therefrom, all persons having received Material and Confidential Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such material and certify that fact to counsel for the Producing Party (and, if not the same person or entity, the Designating Party). Outside counsel for the Parties shall be entitled to retain court papers and deposition and trial transcripts (including Material containing Confidential Material); *provided, however*, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Order.

20. If a Party to this Order receives a subpoena or other form of judicial process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity seeking disclosure of Confidential Material, the Party shall, at least fourteen (14) days prior to the demanded disclosure, unless such period is impracticable under the circumstances, provide counsel for the Producing Party (and, if not the same person or entity, the Designating Party) written notice by email or hand delivery of the subpoena or other form of judicial process calling for the disclosure of Confidential Material. If written notice cannot be provided at least fourteen (14) days prior to the time for production or other disclosure, the Party shall provide written notice as soon as it is aware of the request for disclosure of Confidential

Material and, in addition, at the same time give notice to counsel for the Producing Party (and, if not the same person or entity, the Designating Party) by telephone. Except in the case of a subpoena or other form of judicial process from a federal or state regulatory or administrative body or agency, legislative body, or other person or entity that requires immediate production or disclosure of materials making prior notice hereunder impracticable, the Party shall give notice to counsel for the Producing Party (and, if not the same person or entity, the Designating Party) as soon as practicable after such production or disclosure.

21. Subject to the provisions of this Order, if a Disclosing Party discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture, in this or any other action, of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

22. Upon learning of the disclosure of Protected Information, a Disclosing Party must promptly notify the Receiving Party of the Protected Information, in writing, that it has made such a disclosure without intending a waiver by the disclosure. Upon notification, the Receiving Party must promptly: (i) notify the Disclosing Party that it will make best efforts to identify and return or destroy (or in the case of electronically-stored information, delete) the Protected Information and any reasonably accessible copies it has; and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

23. If, however, the Receiving Party contests the claim of attorney-client privilege or work product protection as to any Protected Information, the Receiving Party must, within ten

business days of receipt of the notice of disclosure, move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Receiving Party will seek an order of Court permitting the Disclosure Motion to be accompanied by a motion for impoundment pursuant to Local Rule 7.2. The Disclosure Motion must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the Disclosure Motion.

24. The Disclosing Party retains the burden upon challenge pursuant to Paragraph 23 of establishing the privileged or protected nature of the Protected Information. This Order does not preclude a party from intentionally and voluntarily waiving the attorney-client privilege or work product protection.

25. This Order has no effect upon, and shall not apply to, a Designating Party's use of its own Confidential Material for any purpose.

26. The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order. A violation of the terms of this Order shall be subject to such relief as deemed appropriate by the Court.

27. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court.

28. The Parties acknowledge and accept that nothing in this Order shall be deemed to suggest or concede that any Material is discoverable, relevant or admissible in the Action.

29. The Parties acknowledge and accept that the production of, provision of, or access to, any Material subject to the terms of this Order shall not be deemed to suggest or concede that such Material is discoverable, relevant, or admissible in the Action.

30. The Parties do not waive and, in fact, reserve all of their rights, including but not limited to the right to object or to seek a further protective order, relief from this order, or other relief, with respect to the production of, provision of, access to, use of, or sharing of any Material.

31. This Order constitutes an order of this Court for all purposes and protections afforded the Parties by Federal Rule of Evidence 502.

32. This Order may be executed in one or more counterparts.

33. An e-signature, faxed copy, or scanned copy of the signature of counsel shall have the same effect as an original signature.

IT IS SO STIPULATED.

DATED: August 20, 2019

BLOCK & LEVITON LLP
JASON M. LEVITON (BBO #678331)

*/s/ Jason M. Leviton*
Jason M. Leviton

155 Federal Street, Suite 400
Boston, MA 02110
Telephone: 617/398-5600
617/507-6020 (fax)
jason@blockesq.com

R. Joseph Barton (*pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Telephone: 202/734-7046
617/507-6020 (fax)
Jbarton@blockesq.com

*Interim Liaison Counsel for Plaintiffs*

ROBBINS GELLER RUDMAN
  & DOWD LLP
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
ekaufman@rgrdlaw.com

GARDY & NOTIS, LLP
MARK C. GARDY
ORIN KURTZ (*pro hac vice*)
Tower 56
126 East 56th Street
New York, NY 10022
Telephone: 212/905-0509
212/905-0508 (fax)
mgardy@gardylaw.com
okurtz@gardylaw.com

SQUITIERI & FEARON, LLP
LEE SQUITIERI
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: 212/421-6492
212/421-6553 (fax)
lee@sfclasslaw.com

SANFORD HEISLER SHARP, LLP
ANDREW MILLER (BBO #682496)
700 Pennsylvania Avenue SE, Suite 300
Washington, D.C. 20003
Telephone: 202/499-5200
202/499-5199 (fax)
amiller@sanfordheisler.com

SANFORD HEISLER SHARP, LLP
CHARLES H. FIELD (*pro hac vice*)
655 W. Broadway, 17th floor
San Diego, CA 92101
Telephone: 619/577-4251
619/577-4250 (fax)
cfield@sanfordheisler.com

*Co-Lead Counsel for Plaintiffs*

DATED: August 20, 2019

GOODWIN PROCTER LLP
JAMES O. FLECKNER (BBO# 641494)
ALISON V. DOUGLASS (BBO# 646861)

*/s/ James O. Fleckner*
James O. Fleckner

100 Northern Avenue Boston, MA 02210
Telephone: 617/570-1000
617/523-1231 (fax)
JFleckner@goodwinlaw.com
ADouglass@goodwinlaw.com

*Counsel for Defendants General Electric Company and GE Asset Management Incorporated*

IT IS SO ORDERED.

DATED: 9/21/2019

THE HONORABLE INDIRA TALWANI
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re GE ERISA LITIGATION ) | Master File No. 1:17-cv-12123-IT |
| ) | |
| ) | CLASS ACTION |
| This Document Relates To: ) | |
| ) | |
| ALL ACTIONS. ) | |
| ) | |

**AGREEMENT TO BE BOUND BY ORDER
GOVERNING CONFIDENTIAL DISCOVERY MATERIAL**

I have read the Order for the Production and Exchange of Confidential Information (the "Order") in the above-captioned matter. This undertaking incorporates by reference the definitions utilized in the Order, including the definition of Confidential Material as including any Material designated Confidential. I sign this undertaking both on behalf of myself, as well my present employer and all those employed at that entity to whom Confidential Material or the contents of Confidential Material will be disclosed (together with me, "the Recipients"), if applicable.

I understand the Order terms and the Recipients agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Order.

The Recipients will hold in confidence, and will not disclose to anyone not qualified under the Stipulation, any Confidential Material (if permitted) or any words, substances, summaries, abstracts, or indices of Confidential Material disclosed to me, and the Recipients shall use Confidential Material only for purposes of this Action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

The Recipients will return all Confidential Material and any words, substances, summaries, abstracts or indices thereof, and copies thereof, which come into their possession, and documents or things which they have prepared relating thereto, to counsel for the party by whom they are employed or retained no later than 60 days after the conclusion of the above-captioned matter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

_____
[INSERT]