UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re GE ERISA LITIGATION | ) | Master File No. 1:17-cv-12123-IT |
| | ) | |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) | |
| | ) | |
| ALL ACTIONS. | ) | |
| | ) | |

**JOINT STATEMENT CONCERNING
DISCOVERY AND MOTION PRACTICE**

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on June 25, 2019, have since continued to meet and confer, and have prepared the following schedule concerning discovery and motion practice.

The parties recommend that the Court establish the following motion and fact discovery deadlines and limitations:

## I.    CLASS CERTIFICATION MOTION

1.    Plaintiff(s) shall file their Motion for Class Certification on or before December 16, 2019.

2.    The parties are negotiating a stipulation relating to class certification, appointment of class representatives, and appointment of class counsel that would result in Plaintiffs' motion being unopposed by Defendants. In the event that no agreement is reached, the following schedule governs Plaintiffs' motion for class certification.

3.    Defendant(s) shall file papers in Opposition on or before February 14, 2020.

4.    Plaintiffs' Reply shall be filed on or before March 30, 2020.  Plaintiffs will have the same number of pages for their Reply as defendants will have for their Opposition.

5.    If Plaintiffs' Reply includes any additional report, declaration, or other material from an expert witness in addition to material previously submitted along with Plaintiffs' Motion for Class Certification, Defendants are permitted to file a surreply on or before April 30, 2020 to respond to any new material in the reply other than rebuttal by plaintiffs of defendants' position, or evidence. Defendants shall notify Plaintiffs and the Court of their intent to do so within one week of the filing of Plaintiffs' reply.  Plaintiffs reserve all rights to challenge the propriety of filing a surreply.

## II.   DISCOVERY

### A.    Fact Discovery

1.    Document production from Defendants in response to Plaintiffs' First
Request for Production of Documents to All Defendants ("Plaintiffs' First

Request"), consistent with Defendants' responses and objections thereto, will proceed on a tiered basis.  If, after conducting a diligent search, Defendants inadvertently do not produce a document or documents by the dates provided below, Defendants will produce the document(s) promptly upon learning of the inadvertent failure to produce the document(s). Plaintiffs agree that any such inadvertent production of document(s) after the corresponding dates specified below will not be grounds for any sanction.

a.    The first tier documents, which were produced by August 16, 2019, include (i) the minutes of the meetings of the Benefits Plan Investment Committee ("BPIC") and the GEAM Committee (collectively, the "Committees") as well as (ii) any materials provided to all of the members of the Committee in connection with such meeting; these minutes and materials regarding the BPIC and the GEAM Committee shall be limited to matters relating to the Plan and include, without limitation, any reports by the Plan's service providers, matters relating to Plan expenses, selection of investment options, and the Committees' fiduciary responsibilities, and the administration or operation of the Plan's investment options, but not matters relating to the Plan's administration and operations that are unrelated to the Plan's investment options (*e.g.*, enrollment in the Plan, any Plan loan feature(s), Plan distributions/withdrawals and/or designations of beneficiaries) ("Plan Administration"); and (iii) account statements of each Plaintiff, as well as documents provided to the Plaintiffs regarding the Plan's investment options;

b.    The second tier documents, a substantial portion of which were produced by October 15, 2019, include (i) the purchase agreement between General Electric Asset Management, Inc. ("GEAM") and State Street, as well as all related exhibits and schedules; (ii) Form ADVs, filed with the SEC by GEAM; (iii) non-duplicative templates or samples of each communications with all Plan participants (*i.e.*, not individualized confirmation statements or the like) regarding matters pertaining to the Plan's investment options, expenses and administration thereof, as well as fiduciary responsibilities regarding those investment options, but not communications pertaining to Plan Administration that are unrelated to the Plan's investment options; (iv) documents establishing and describing the duties and responsibilities of the GEAM, the BPIC, and the Fund Trustees and the Pension Board; (v) organizational charts (if any), and other documents that describe the organization of GE and GEAM with respect to (1) the management and oversight of the Plan and Plan Administration and (2) the sale of GEAM to State Street; (vi) all investment policy statements for the Plan; (vii) every Schedule C of the Plan's Form 5500 for every

Plan-year since 2011; (viii) all trust agreements for the Plan; (ix) all Summary Plan Descriptions and amendments thereto for the Plan, (x) all agreements with Plan service providers; and (xi) the minutes of the meetings of the Fund Trustees and the GE Board of Directors, as well as any materials pertaining to Committee business or ERISA fiduciary duties as related to the Plan, or relating to the sale of GEAM, provided to all of the members of those entities in connection with such meetings, including reports provided by any Plan service providers; provided that minutes and materials regarding the GE Board of Directors and the Fund Trustees shall be limited to matters relating to the Plan, including, without limitation, expenses, selection of investment options, and fiduciary responsibilities, but not matters relating to Plan Administration that are unrelated to the Plan's investment options.

c.     The final tier documents, which shall be produced by December 18, 2019, shall include documents responsive to Plaintiffs' First Request not previously produced by Defendants, except for documents described in Paragraph II.A.1.d. below.

d.     The parties are in the process of negotiating the production of ESI, including emails. Plaintiffs believe that defendants should be substantially completed with their production, including emails and other ESI, by January 28, 2020 for half of the document custodians whom Plaintiffs have prioritized, and by March 15, 2020 for the remaining document custodians. Defendants believe it is premature to select substantial completion dates at this time given that the parties have not negotiated an agreed-upon list of custodians and search terms, and therefore Defendants do not have any estimate of how many documents would need to be reviewed for responsiveness and privilege. The parties will make a good faith effort to work cooperatively and attempt to agree upon a substantial completion date for the production of documents, including ESI, as soon as practicable.

2.     Fact discovery shall be completed on or before December 18, 2020;

3.     Except as specifically otherwise provided, the Parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues, or on certain sources before others, or on certain discovery methods authorized by the Federal and/or Local Rules.

4.     The Parties propose that the Court limit the use and number of discovery procedures as follows, subject to any party's right to seek modification thereof for good cause shown:

ACTIVE/101417301.1

a. No more than a total of thirty-five (35) interrogatories, including contention interrogatories counted in accordance with Rule 33(a), shall be served by each side.

b. No more than one hundred (100) document requests shall be served by each side. Plaintiffs have served their first set of document requests and Defendants have served written responses. The Parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

c. No more than thirty-five (35) requests for admission shall be served by each side.

5. The parties agree that Plaintiff may collectively take thirty (30) depositions, excluding expert witness depositions, and that Defendants may take fifteen (15) depositions. Both sides respectively reserve the right to apply to the Court for additional depositions. The Parties intend to confer as how to most efficiently depose the persons and entities that they each may respectively notice for deposition.

6. The Parties have agreed upon the following discovery procedures: (a) The Parties shall cooperate in the scheduling of depositions. In any event, each side will make their best efforts to provide at least thirty (30) days' notice for all depositions, except when circumstances reasonably require a shorter notice period; (b) e-mail service of discovery notices shall constitute effective service of discovery requests, discovery responses, and all other documents in the action.

7. ***Other discovery issues***. Privilege log: Plaintiffs and Defendants shall serve a privilege log within 30 days after the date of each of their respective document productions.

   Expert communications: All communications between a Party and that Party's expert shall be privileged.

8. Discovery Disputes And Court Resolution Thereof:

   The Parties agree that before the making of any motion to address discovery issues, they will meet and confer as required by governing Federal and/or Local Rules.

9. Case Budget and ADR (Pursuant to Local Rule 16.1 (D)(3)):

   Plaintiffs and Defendants are agreeable to court-supervised or private alternative dispute resolution. At this time, both sides believe that ADR would be most appropriate after the conclusion of fact and expert discovery.

- 4 -

10. Discovery of Electronically Stored Information. The parties will discuss issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and will meet and confer regarding a protocol for the production of electronically stored information.

**B.     Expert Discovery**

1. (In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

   a. Plaintiff will disclose the identities of any expert witnesses they intend to offer at the class certification stage and provide written reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time of filing of Plaintiffs' Motion for Class Certification.

   b. Depending on Plaintiffs' arguments at class certification and/or any expert witnesses offered by Plaintiffs at class certification, Defendants may utilize expert witnesses at class certification as well, and will identify any such experts and provide Plaintiffs with their reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time Defendants file their Opposition to Plaintiffs Motion for Class Certification.

   c. Each side shall be entitled to take one deposition of each expert offered in support or opposition to class certification, unless that expert issues a new or modified report in which case the expert may be deposed regarding any new opinions or other matters in that new or modified report.

2. The Parties anticipate that they will require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

   a. Plaintiffs currently anticipate calling up to four (4) experts at trial, but reserve the right to increase the number of experts depending upon what discovery may reveal. Defendants anticipate calling up to four (4) experts at trial, but reserve the right to increase the number of experts. Each side (not each Party) may take one deposition of each trial expert and one deposition of any class certification expert, unless such expert offers new or modified opinions, in which case the expert may be deposed with regard to any new or modified opinions or other matters in that new or modified report.

- 5 -

      b.     Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

          i.     Plaintiffs shall identify their trial experts and serve the disclosures required by Rules 26(a)(2)(B) and (C) by January 15, 2021.

          ii.     Defendants shall identify their trial experts and serve the disclosures required by Rules 26(a)(2)(B) and (C) by March 31, 2021.

          iii.     The respective Parties may apply to the Court for leave to identify any rebuttal trial experts and serve the disclosures required by Rules 26(a)(2)(A)(B) and (C) by thirty days after the report to which such rebuttal is addressed, provided that the Parties first confer about such proposed rebuttal in accordance with the Local Rules of Civil Procedure.

      c.     Expert discovery, including depositions, shall be completed by August 2, 2021, or sixty (60) days after submission of the last rebuttal report, whichever is later.

## III.   NON-DISPOSITIVE MOTION DEADLINES

The Parties propose the following deadlines for filing non-dispositive motions:

1. Except as Ordered by the Court for good cause shown, all motions that seek to amend the pleadings or to add parties must be filed and served no later than the later of January 1, 2020, or ninety (90) days after Defendants have completed production of documents in response to Plaintiffs' First Request.

2. Except as provided in paragraphs 3, 4, and 5 below, all non-dispositive motions and supporting documents shall be filed and served within 14 days following the close of fact discovery.

3. Except for good cause shown, all non-dispositive motions and supporting documents that relate to fact discovery shall be filed no later than thirty days before the close of fact discovery.

4. Except for good cause shown, all non-dispositive motions (other than *Daubert* motions) and supporting documents that relate to expert discovery shall be filed no later than fifteen (15) days before the close of expert discovery.

- 6 -

5. Motions in limine shall be filed no later than twenty-one (21) days prior to the opening date of any trial in this matter.

## IV. DISPOSITIVE MOTION DEADLINES

The Parties believe that expert discovery must be completed before dispositive motions are filed. The Parties recommend that all dispositive motions, and any motions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), be filed and served within forty-five (45) days after the close of expert discovery.

## V. STATUS CONFERENCE DATES:

To be set by Court: _____

DATED:  November 5, 2019                    Respectfully submitted,


                                            _/s/ James O. Fleckner_____
                                            James O. Fleckner

                                            James O. Fleckner (BBO# 641494)
                                            Alison V. Douglass (BBO# 646861)
                                            GOODWIN PROCTER LLP
                                            100 Northern Avenue
                                            Boston, MA 02210
                                            Telephone: 617/570-1000
                                            617/523-1231 (fax)
                                            JFleckner@goodwinlaw.com
                                            ADouglass@goodwinlaw.com

                                            *Counsel for Defendants General Electric Company and GE Asset Management Incorporated*

- 7 -

*/s/ Jason M. Leviton*
Jason M. Leviton

Jason M. Leviton
BLOCK & LEVITON LLP
155 Federal Street, Suite 400
Boston, MA  02110
Telephone:  617/398-5600
617/507-6020 (fax)
jason@blockesq.com

R. Joseph Barton
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC  20009
Telephone: 202/734-7046
202/734-7046 (fax)
Jbarton@blockesq.com

*Liaison Counsel for Plaintiffs*

Mark C. Gardy (admitted *pro hac vice*)
Orin Kurtz (admitted *pro hac vice*)
GARDY & NOTIS, LLP
Tower 56
126 East 56th Street, 8th Floor
New York, NY  10022
Telephone:  212/905-0509
212/905-0508 (fax)
mgardy@gardylaw.com
okurtz@gardylaw.com

Lee Squitieri (admitted *pro hac vice*)
SQUITIERI & FEARON, LLP
32 East 57th Street, 12th Floor
New York, NY  10022
Telephone:  212/421-6492
212/421-6553 (fax)
lee@sfclasslaw.com

- 8 -

Evan J. Kaufman (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
ekaufman@rgrdlaw.com

Charles H. Field (admitted *pro hac vice*)
SANFORD HEISLER SHARP LLP
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone: 619/577-4252
619/577-4250 (fax)
cfield@sanfordheisler.com

Andrew Miller (BBO #682496)
SANFORD HEISLER SHARP LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, DC  20003
Telephone: 202/499-5200
202/499-5199 (fax)
amiller@sanfordheisler.com

*Counsel for Plaintiffs*

ACTIVE/101417301.1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 5, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Evan J. Kaufman*
Evan J. Kaufman

ROBBINS GELLER RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
ekaufman@rgrdlaw.com