UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re GE ERISA LITIGATION | ) | Master File No. 1:17-cv-12123-IT |
| | ) | |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | |
| | ) | |
| ALL ACTIONS. | ) | |
| | ) | |

**RENEWED UNOPPOSED MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL**

Pursuant to the Court's Order dated January 9, 2020, Plaintiffs Maria LaTorre, Robyn Berger, Brian Sullivan, Frank Magliocca, and Melinda Stubblefield (collectively "Plaintiffs") bring the following renewed unopposed motion for class certification, appointment of class representatives, and appointment of Plaintiffs' counsel as class counsel (the "Motion").

The Court's January 9, 2020 Order denied, without prejudice, Plaintiffs' first unopposed motion for class certification, appointment of class representatives, and appointment of class counsel because Plaintiffs named law firms, and not individual attorneys, as proposed class counsel. (Dkt. No. 140). The Court ordered Plaintiffs to submit a revised motion naming individual attorneys, rather than law firms, as proposed class counsel, or alternatively, to submit authority permitting law firms to be appointed as class counsel. Plaintiffs' renewed motion seeks appointment of individual attorneys as class counsel.

Specifically, this motion seeks the appointment of Evan J. Kaufman from Robbins Geller Rudman & Dowd LLP, Orin Kurtz from Gardy & Notis, LLP, and Lee Squitieri from Squitieri & Fearon, LLP, who are all lawyers from the law firms that were appointed by the Court as interim class counsel by an Order dated December 11, 2017 (Order granting Stipulation for Consolidation

and Appointment of Interim Class Counsel, Dkt. No. 22).[1]  While this renewed motion seeks the appointment of individual attorneys from those firms, the attorneys from the Sanford Heisler law firm, counsel for the plaintiffs in the *Haskin* Action, have chosen to not be included in this motion. Sanford Heisler had previously agreed to be included as one of the Interim Class Counsel and had on December 13, 2019, filed the unopposed class certification motion asking that all Interim Class Counsel be named as Class Counsel.  (Dkt. No. 138).  To the surprise of Plaintiffs' counsel, and without any earlier notice, Sanford Heisler, on January 13, 2020, advised Plaintiffs' counsel by email that, "[i]n light of the Court's Order [denying class certification without prejudice], our firm [Sanford Heisler] will be filing papers seeking to be appointed lead counsel.  We suggest that each firm do the same and allow the Court to decide."

Thus, less than 30 days after filing papers with the Court seeking the appointment of Plaintiffs' counsel as Class counsel, without any consultation with counsel for Plaintiffs and with no dispute among plaintiffs' counsel regarding each firm's work in the case or litigation strategy, counsel for the *Haskins* plaintiffs reversed course in an attempt to seize control of this case for themselves.  In addition to violating several agreements previously entered into with Plaintiffs' counsel, their proposed strategy will waste judicial and attorney resources and distract all plaintiffs' counsel from their appropriate target, the Defendants.

Counsel for Plaintiffs (after several unsuccessful attempts) met and conferred with counsel for the *Haskins* plaintiffs in an effort to avoid unnecessary motion practice and prevent disruption

---

[1]  On May 17, 2018, the parties filed with the Court another stipulation for Consolidation and Appointment of Interim Class Counsel, which stipulated to the consolidation of an action transferred from California, *Haskins v. General Electric Company*, No. 17-cv-1960 (S.D. Cal.) and assigned Civil Action No. 1:18-cv-10234-IT (D. Mass) (the "*Haskins* Action") (Dkt. 74).  The stipulation also sought to add attorneys from Sanford Heisler Sharp, LLP ("Sanford Heisler") as additional Interim Class Counsel.  That stipulation remains *sub judice*.

to the orderly progression of the case, to no avail.  Plaintiffs' counsel have aggressively and successfully litigated this case both before and after the *Haskins* plaintiffs were consolidated. Nevertheless, even though attorneys from Sanford Heisler acknowledged that all counsel have worked cooperatively, they are disregarding prior agreements among counsel to coordinate their efforts.  They also expressed little concern for whether they would disrupt Defendants' agreement to not oppose class certification.  Their surprising conduct raises concerns about their adequacy to serve as Class counsel.

Plaintiffs and Defendants, by and through their counsel of record, have also conferred regarding this Motion (including the omission of the *Haskins* plaintiffs), and Defendants do not oppose the relief requested, and have agreed to adhere to the prior agreement among the parties concerning Plaintiffs' class certification motion.[2]  By not opposing this Motion, Defendants do not waive, and instead expressly preserve, any and all affirmative defenses they may have as to any member of the Class.

Plaintiffs respectfully request that the Court grant this Motion.

## I.      CLASS CERTIFICATION

1.      Plaintiffs request certification of a class (the "Class") pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1), defined as:

---

[2]   As a condition of Defendants' agreement to not oppose the instant motion Plaintiffs have agreed to dismiss certain members of Defendant General Electric Company's ("GE's") Board of Directors (the "Board") and Pension Board from this action, which dismissal has been consummated by a separate stipulation of dismissal, filed previously.  In connection with the dismissals, Defendants represented that they are not aware of any insurance policies or other sources of funds that are, or would be available to cover the claims against the dismissed Defendant members of the GE Board or the Pension Board that would not be available to the remaining Defendants after the dismissal of those Defendants.  In other words, the dismissal of the Board and Pension Board defendants will not reduce the available GE or General Electric Asset Management ("GEAM") insurance proceeds or other sources of GE or GEAM funds that Defendants believe could be available to satisfy a judgment, if any, on Plaintiffs' claims.

All participants in the GE Retirement Savings Plan (f/k/a the General Electric Savings and Security Program) (the "Plan"), from September 26, 2011 to the date of Judgment (the "Class Period"), who were invested in one or more of the "GE Funds" – *i.e.*, the GE Institutional Strategic Investment Fund; the GE Institutional Small Cap Equity Fund; the GE Institutional International Equity Fund; the GE RSP U.S. Equity Fund; and the GE RSP Income Fund.  Excluded from the Class are (a) any individuals named as defendants in the Second Consolidated Amended Complaint, as modified by the October 4, 2018 Notice of Dismissal Without Prejudice of Certain Individual Defendants and the December 13, 2019 Stipulation Of Dismissal With Prejudice Of Certain Individual Defendants, (b) any fiduciaries of the Plan, (c) the officers and directors of GE and GEAM during the Class Period, and members of their immediate families, as well as the heirs, successors, assigns, or legal representatives of any such excluded party.

2.      As established below, the requirements of Rule 23(a) and (b)(1) are satisfied.

3.      The Class consists of hundreds of thousands of Plan participants, which greatly "exceeds [the] 40" class member threshold, and thus satisfies the Rule 23(a)(1) numerosity requirement. *Garcia v. E.J. Amusements of New Hampshire, Inc.*, 98 F. Supp. 3d 277, 285 (D. Mass. 2015).

4.      Rule 23(a)(2) provides that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  "To satisfy this requirement, the class claims must depend upon a common contention that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Garcia*, 98 F. Supp. 3d at 285 (citation and quotation marks omitted); *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12-cv-2548 (VSB), 2017 WL 1273963, at *7 (S.D.N.Y. Mar. 31, 2017) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)); *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 9936 (LGS), 2017 WL 3868803, at *4 (S.D.N.Y. Sept. 5, 2017).

5.      "Typically, the question of defendants' liability for ERISA violations is common to all class members because a breach of fiduciary duty affects all participants and beneficiaries."

*Moreno*, 2017 WL 3868803, at *4 (quoting *In re J.P. Morgan Stable Value Fund*, 2017 WL 1273963, at *7).

6.      Here, there are numerous questions related to Defendants' alleged fiduciary breach that are common to the claims of all class members, including: (1) whether Defendants are fiduciaries; (2) whether Defendants breached their fiduciary duties in each respect alleged by Plaintiffs; (3) whether Defendants engaged in prohibited transactions under ERISA §406; (4) whether the Plan suffered resulting losses; (5) how to calculate the losses to the Plan and its participants; and (6) what equitable relief should be imposed to remedy such breaches and to prevent future ERISA violations.

7.      Plaintiffs' claims are "typical" of the claims of the Class members, thus satisfying the requirements of Rule 23(a)(3).  It is broadly understood that: "[t]ypicality is intended to 'ensure that maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Moreno*, 2017 WL 3868803, at *7 (citation and brackets omitted).  A plaintiff meets this requirement where "'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. (citations omitted).

8.      Plaintiffs are current or former participants in the Plan who held investments in the Plan at any time on or after September 26, 2011.  Their claims are typical of those of the proposed class.  As set forth above, Plaintiffs and all other class members have the same legal claims against the Defendants for the same breaches of fiduciary duty and for the same violations of ERISA's prohibited transaction provisions.  Their claims arise from the same course of events as the

members of the Class: their investments in the challenged GE Funds offered by the Plan during

the Class Period.

9.      Plaintiffs will fairly and adequately protect the interests of the class, satisfying

Rule 23(a)(4).  "To demonstrate adequacy, the moving party must show first that the interests of

the representative party will not conflict with the interests of any class members."

*Mooney v. Domino's Pizza, Inc.*, C.A. No. 1:14-CV-13723-IT, 2016 WL 4576996, at *8 (D. Mass.

Sept. 1, 2016) (citation, quotation marks and brackets omitted).  "Second, the moving party must

show that chosen counsel is qualified, experienced and able to vigorously conduct the proposed

litigation." *Id*.

10.      Plaintiffs have no interests antagonistic with each other, the Class, or any segment

of the Class.  To the contrary, Plaintiffs' interests are nearly identical to those of the Class.

Plaintiffs, like all Class members, were Plan participants during the Class Period, and they seek

relief for the same breaches of fiduciary duty and the same prohibited transactions that equally

affected all similarly situated participants.  Plaintiffs and the Class members must prove the same

wrongdoing by Defendants and thus there will be no conflict in the prosecution of their claims.

11.      Moreover, each Plaintiff has confirmed that he or she is ready, willing, and able to

fulfill the duties required of a class representative.  Each Plaintiff has submitted a declaration

attesting to his or her efforts to date, confirming their desire to serve as representatives of the Class,

and stating that they understand their responsibilities as class representatives.  *See* Leviton Dec.

Exhs. A-J.  Courts have relied upon similar declarations as evidence of the named plaintiffs'

adequacy. *See, e.g., Henderson v. Emory Univ.*, C.A. No. 1:16-cv-2920-CAP, 2018 WL 6332343,

at *7 (N.D. Ga. Sept. 13, 2018) (plaintiffs "submitted affidavits attesting to their participation in

[the] action and vowing to vigorously pursue the case."); *Fuller v. SunTrust Banks, Inc.*, C.A.

No. 1:11-CV-784-ODE, 2018 WL 3949698, at *6 (N.D. Ga. June 27, 2018) ("Although the affidavits are pro forma documents prepared by counsel, each Plaintiff signed at the bottom acknowledging that the affidavit contained their true contentions"); *Moreno*, 2017 WL 3868803, at *7 ("Each Plaintiff has filed a declaration attesting that they have reviewed the allegations of the [c]omplaint, are aware that the suit concerns allegations that [d]efendants' investment offerings were improper . . . ."); *Sims v. BB & T Corp.*, No. 1:15-cv-732, 2017 WL 3730552, at *5 (M.D.N.C. Aug. 28, 2017). Plaintiffs have also chosen highly qualified counsel, as described below.

12.    Plaintiffs respectfully submit that Maria LaTorre, Robyn Berger, Brian Sullivan, Frank Magliocca, and Melinda Stubblefield should be appointed as Class Representatives.

13.    Plaintiffs' claims "as a practical matter, would be dispositive of the interests" of Class members' claims, and thus certification under Rule 23(b)(1)(B) is appropriate. *Tracey v. MIT*, C.A. No. 16-11620-NMG, 2018 WL 5114167, at *3 (D. Mass. Oct. 19, 2018); *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 165 (S.D.N.Y. 2017). "Most courts that have certified ERISA class actions alleging breaches of fiduciary duties have done so under Rule 23(b)(1)(B)." *Id*.

14.    If Plaintiffs prevail, the result will "bind the Plan and all Plan participants even without class certification." *Beach v. JPMorgan Chase Bank, Nat'l Ass'n,* No. 17-cv-563 (JMF), 2019 WL 2428631, at *9 (S.D.N.Y. June 11, 2019); *Banyai v. Mazur*, 205 F.R.D. 160, 165 (S.D.N.Y. 2002) ("[B]ecause . . . any recovery here would benefit the Fund as a whole, the Court finds that there is a risk that separate prosecutions by individual Fund participants or beneficiaries would be dispositive of the interests of other members not parties to those prosecutions."). "Thus, the class is properly certified under Rule 23(b)(1)(B)." *Beach*, 2019 WL 2428631, at *9.

15.     Certification is also appropriate under Section 23(b)(1)(A).  Rule 23(b)(1)(A) "takes in cases where the party is obligated by law to treat the members of the class alike . . . or where the [defendant] must treat all alike as a matter of practical necessity." *Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 614 (1997) (citation omitted).  This is precisely such a case because the fiduciary duties imposed by ERISA are "duties with respect to a plan" that protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. §1104.  In discharging their duties to the Plan, Defendants, as fiduciaries, were obligated to treat all participants (and all class members) alike.

16.     Plaintiffs' counsel, who are currently appointed as Interim Class Counsel, should be appointed as Class Counsel.  Rule 23(g)(1) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel."  "To appoint class counsel, the court must consider factors such as the work counsel has done, its experience in similar types of litigation, knowledge of the applicable law, and resources available to represent the class." *Cunningham v. Cornell Univ.*, No. 16-cv-6525 (PKC), 2019 WL 275827, at *8 (S.D.N.Y. Jan. 22, 2019) (citing Fed. R. Civ. P. 23(g)(1)(A)).

17.     Here, Plaintiffs' Interim Class Counsel has "provided competent representation for plaintiffs since this action's commencement [including successfully defending] against [D]efendants' motion to dismiss [and] conduct[ing] discovery[.]" *Cunningham*, 2019 WL 275827, at *8.  Moreover, Plaintiffs' counsel has extensive experience in the litigation of class actions, including ERISA cases such as this one, as described below and in their firm resumes attached to the Leviton Dec. as Exh. F.

18.     Plaintiffs respectfully request that the Court appoint the following attorneys as Class Counsel:

(a)      Evan J. Kaufman of the law firm Robbins Geller Rudman & Dowd LLP. Evan J. Kaufman is a partner of Robbins Geller Rudman & Dowd LLP.  He focuses his practice primarily on complex litigation, including securities and ERISA class actions.  Mr. Kaufman is actively involved in representing ERISA litigants and is one of the leading attorneys prosecuting claims against GE in this action.  He has been actively involved in this action since inception, and was one of the primary drafters of the amended and second amended complaints, has been heavily involved in all aspects of the litigation, and has served as the primary contact with Defendants on behalf of Plaintiffs.  In addition to his active involvement in this case, Mr. Kaufman also serves as the lead attorney in an ERISA class action against Invesco Holding Company (US), Inc., *Diego Cervantes v. Invesco Holding Company (US), Inc. et al*, No. 1:18-CV-02551 (N.D. Ga.) and as counsel in an ERISA class action against JPMorgan Chase & Co., *Orellana v. JPMorgan Chase & Co. et al*, No. 1:17-cv-01575 (S.D.N.Y.).

Mr. Kaufman successfully served as one of the lead attorneys in another ERISA class action against GE, *In re Gen. Elec. Co. ERISA Litig.*, No. 1:06-CV-00315 (N.D.N.Y.), and secured a settlement involving a $40 million cost to GE and significant improvements to GE's employee retirement plan and benefits to GE plan participants valued in excess of $100 million. Mr. Kaufman also served as a lead counsel in numerous other complex cases, including, *In re TD Banknorth Shareholders Litigation*, No. 2557-VCL (Del. Ch.) ($50 million recovery); *City of Roseville Employees' Retirement System et al. v. EnergySolutions, Inc. et al.*, No. 09-cv-08633 (S.D.N.Y.) ($26 million recovery); *City of Pontiac General Employees' Retirement System v. Lockheed Martin Corp.*, No. 11-CV-05026 (S.D.N.Y.) ($19.5 million recovery); *In re Warner Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515 (S.D.N.Y.) ($16.5 million recovery); and *In re Third Avenue Management. Securities Litigation*, No. 16-02758 (S.D.N.Y.) ($14.25 million recovery).

(b)     Lee Squiteri of the law firm Squitieri & Fearon, LLP.  Mr. Squitieri is a founding member of Squitieri & Fearon, LLP.  A 1983 graduate of New York Law School and member of the bars of the states of New York and New Jersey since 1984, Mr. Squitieri has specialized in class action practice since 1988.  He has been one of the lead co-counsel and actively litigated the following ERISA class actions, among others: *In Re: AIG I ERISA Litigation*, No. 04-CV-9387 (S.D.N.Y.) (recovered $24 million for 401(K) beneficiaries); *In Re: AIG II ERISA Litigation*, No. 08-CV-5722 (S.D.N.Y.) (recovered $40 million for 401(K) beneficiaries); and *In Re United States Sugar Corporation*, No. 08-CIV-80101 (FL.S.D.) (successfully litigated ESOP ERISA action resulting in increase in purchase price of employees' shares of privately held US Sugar).

(c)     Orin Kurtz of the law firm Gardy & Notis, LLP.  Orin Kurtz is a partner at Gardy & Notis and leads the firm's employment division. Mr. Kurtz has been litigating class actions for over 15 years.  Mr. Kurtz's recent achievements in employment litigation include *Yuen v. Nielsen*, Case No. 14-013935 (Broward Cty, Fla.) ($5,000,000 aggregate settlement on behalf of nationwide collective for failure to pay overtime in violation of the FLSA); *Alderson v. Northern Manor Multicare Center, Inc.*, No. 17-cv-2424-JCM (S.D.N.Y.) ($700,000 settlement on behalf of a class of nurses who were denied overtime pay and straight-time pay under the FLSA and NYLL); and *Leahy v. Retriever Medical/Dental Payments, et al.*, Index No. 51975/2017 (N.Y. Sup. Ct. Westchester Cty) ($850,000 class settlement on behalf of sales representatives alleging misclassification as independent contractors and unlawful deductions under the NYLL).  Mr. Kurtz has been actively involved in this action since its inception and has contributed to all aspects of the case including drafting of all motion papers, drafting and responding to written discovery, client contact, and all decisions concerning strategy.

19.     Plaintiffs also respectfully request that the Court appoint Jason Leviton of Block & Leviton LLP as Plaintiffs' Liaison Counsel.  Mr. Leviton is a co-founding partner of Block & Leviton and has filed and managed dozens of cases in this Court and in courts throughout the United States.  Since 2011, Mr. Leviton has been named either a "Rising Star" or "Super Lawyer," an honor given to less than 3% and 5%, respectively, of all lawyers in the Commonwealth.  In 2014, Mr. Leviton was also named a Top 100 Trial Lawyer by the National Trial Lawyer Association.  Since 2015, Mr. Leviton has been an appointed member of Law360's Editorial Board.  After receiving his law degree, Mr. Leviton attended the Georgetown University Law Center and received a Master of Laws (LL.M.) in Securities and Financial Regulation.  Mr. Leviton has settled hundreds of millions of dollars in class action and derivative cases.

20.     GE is one of the largest companies in the United States with one of the largest retirement plans.  This extremely well qualified team of attorneys have worked, and will continue to work, diligently, cooperatively and efficiently in the prosecution of the claims of Plaintiffs and members of the Class.

## II.     NOTICE TO THE CLASS IS NOT REQUIRED

21.     Notice to absent class members is not required for classes certified under Fed. R. Civ. P. 23(b)(1)(B).  *E.g.*, *Hochstadt* v. *Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 110 (D. Mass. 2010); *Randall* v. *Rolls-Royce Corp.*, 637 F.3d 818, 820 (7th Cir. 2011).  Moreover, Plaintiffs do not believe that there is a need for the Court to direct the provision of notice to class members.  *See* Advisory Committee Notes to 2003 Amendments to Rule 23(c) (Notice to class members not needed as there is no right to opt-out of a Rule 23(b)(1) class).

## III.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant this motion.

DATED:  January 16, 2020

BLOCK & LEVITON LLP
JASON M. LEVITON (BBO #678331)

*/s/ Jason M. Leviton*
JASON M. LEVITON
260 Franklin Street, Suite 1860
Boston, MA  02110
Telephone:  617/398-5600
617/507-6020 (fax)
jason@blockesq.com

BLOCK & LEVITON LLP
R. JOSEPH BARTON (*pro hac vice*)
1735 20th Street NW
Washington, DC  20009
Telephone:  202/734-7046
617/507-6020 (fax)
jbarton@blockesq.com

*Interim Liaison Counsel for Plaintiffs*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (*pro hac vice)*
EVAN J. KAUFMAN (*pro hac vice*)
MAGDALENE ECONOMOU (*pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com
meconomou@rgrdlaw.com

SQUITIERI & FEARON, LLP
LEE SQUITIERI (*pro hac vice*)
STEPHEN J. FEARON, JR.
32 East 57th Street, 12th Floor
New York, NY  10022
Telephone:  212/421-6492
212/421-6553 (fax)
lee@sfclasslaw.com
steve@sfclasslaw.com

GARDY & NOTIS, LLP
JAMES S. NOTIS (*pro hac vice*)
ORIN KURTZ (*pro hac vice*)
126 East 56th Street, 8th Floor
New York, NY  10022
Telephone:  212/905-0509
212/905-0508 (fax)
jnotis@gardylaw.com
okurtz@gardylaw.com

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jason M. Leviton, hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 16th day of January, 2020.

*/s/ Jason M. Leviton*
JASON M. LEVITON
