UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re GE ERISA LITIGATION ) | Master File No. 1:17-cv-12123-IT |
| ) | |
| ) | CLASS ACTION |
| This Document Relates To: ) | |
| ) | |
| ALL ACTIONS. ) | |
| ) | |

**MOTION FOR EXPEDITED HEARING**

Plaintiffs Maria LaTorre, Robyn Berger, Brian Sullivan, Frank Magliocca, and Melinda Stubblefield (collectively "Coordinated Plaintiffs") move this Court for an expedited hearing with respect to (1) Plaintiffs' Renewed Unopposed Motion For Class Certification, Appointment Of Class Representatives, And Appointment Of Class Counsel (the "Class Motion," Dkt. 143), and (2) the competing motion of Sanford Heisler Sharp, LLP ("SHS"), which seeks appointment as sole lead counsel of the proposed class (the "Competing Motion," Dkt. 144).

As noted in Coordinated Plaintiffs' opposition to the Competing Motion filed on January 30, 2019, SHS's conduct is detrimental to the putative class because, *inter alia,* in addition to diverting resources from plaintiffs' prosecution of the case against Defendants by causing an unnecessary fight among counsel who had worked well cooperatively, it could delay discovery. Dkt. 157 at 1-2.[1]

---

[1] Any opposition to Coordinated Plaintiffs' Class Motion should have been filed on or before January 30, 2020. *See* L.R. 7.1(b)(2). While SHS appears to be opposing Coordinated Plaintiffs' Class Motion—at least to the extent that Coordinated Plaintiffs are seeking appointment as Class Counsel—no other formal opposition has been filed.

That is precisely what happened last evening, January 30, 2020, when Coordinated Plaintiffs filed their opposition to the Competing Motion. In a conversation between Coordinated Plaintiffs' counsel and Defendants' counsel as the opposition was being filed, Defendants stated that they were unable to negotiate with Coordinated Plaintiffs about open discovery issues because of the uncertainty created by the Competing Motion. Defendants were (justifiably) unsure of who could properly speak on behalf of plaintiffs and were concerned that any progress made with Coordinated Plaintiffs' counsel could prove wasteful and would have to be reworked if SHS is appointed as Class Counsel.

As a result, discovery in this action is effectively stayed until Class Counsel is appointed. The parties have until December 18, 2020 under the governing schedule to complete discovery, including depositions; before that can take place the parties need to complete their negotiations over search terms and custodians, Defendants need to search for documents, review for privilege and produce those documents. Without a resolution of the current discovery issues—which the parties were working through smoothly before the Competing Motion was filed—the parties risk being unable to complete discovery under the current schedule.

A delay of discovery at this crucial time could jeopardize the prosecution of this action. Accordingly, Coordinated Plaintiffs respectfully request that the Court schedule an expedited hearing on the Class Motion and the Competing Motion in order to resolve these outstanding issues as soon as possible.

Pursuant to Local Rule 7.1(a)(2), Coordinated Plaintiffs conferred with both SHS and Defendants. Defendants advised Plaintiffs that they take no position as to the request for an expedited hearing. In response to the meet-and-confer conference between Coordinated Plaintiffs and SHS that occurred at approximately 1:00 p.m., est. on January 31, 2019 regarding this Motion,

SHS informed Coordinated Plaintiffs that, "We do not agree with your statement about delay jeopardizing the prosecution of the action, nor did we agree to an expedited hearing on class and lead counsel motions.  As you likely recall, we agreed to a request for oral argument on the lead counsel motions 'as soon as practicable.'"

Additionally, during the meet-and-confer with SHS, SHS stated that it plans to seek leave to file a reply on the Competing Motion, on or before 12:00 p.m., est. on Thursday, February 6, 2020. Coordinated Plaintiffs do not oppose that forthcoming motion on the schedule proposed by SHS.

For all the foregoing reasons, Coordinated Plaintiffs respectfully request that the Court schedule an expedited hearing on the Class Motion and the Competing Motion at the Court's earliest convenience after SHS's reply is filed on February 6, 2020.

| | |
|---|---|
| DATED:  January 31, 2020 | BLOCK & LEVITON LLP<br>JASON M. LEVITON (BBO #678331)<br><br>          */s/ Jason M. Leviton*<br>JASON M. LEVITON<br>260 Franklin Street, Suite 1860<br>Boston, MA  02110<br>Telephone:  617/398-5600<br>617/507-6020 (fax)<br>jason@blockesq.com<br><br>BLOCK & LEVITON LLP<br>R. JOSEPH BARTON (*pro hac vice*)<br>1735 20th Street NW<br>Washington, DC  20009<br>Telephone:  202/734-7046<br>617/507-6020 (fax)<br>jbarton@blockesq.com<br><br>*Interim Liaison Counsel for Plaintiffs* |

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (*pro hac vice*)

EVAN J. KAUFMAN (*pro hac vice*)
MAGDALENE ECONOMOU (*pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
ekaufman@rgrdlaw.com
meconomou@rgrdlaw.com

SQUITIERI & FEARON, LLP
LEE SQUITIERI (*pro hac vice*)
32 East 57th Street, 12th Floor
New York, NY  10022
Telephone:  212/421-6492
212/421-6553 (fax)
lee@sfclasslaw.com

GARDY & NOTIS, LLP
JAMES S. NOTIS (*pro hac vice*)
ORIN KURTZ (*pro hac vice*)
126 East 56th Street, 8th Floor
New York, NY  10022
Telephone:  212/905-0509
212/905-0508 (fax)
jnotis@gardylaw.com
okurtz@gardylaw.com

*Co-Lead Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Jason M. Leviton, hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 31st day of January, 2020.

*/s/ Jason M. Leviton*
JASON M. LEVITON