UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re GE ERISA LITIGATION | ) | Master File No. 1:17-cv-12123-IT |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | |
| ALL ACTIONS. | ) | |
| | ) | |
| | ) | |
| | ) | |

**JOINT MOTION FOR APPROVAL OF CLASS ACTION
NOTICE AND PLAN OF NOTICE**

Pursuant to the Court's order dated March 16, 2020, Plaintiffs Maria LaTorre, Robyn Berger, Brian Sullivan, Frank Magliocca, Melinda Stubblefield, Kristi Haskins, Laura Scully, Donald J. Janak, John Slatner, and Chip Knight ("Plaintiffs") and Defendants submit this joint motion for approval of the Parties' class action notice (the "Notice") and plan for distribution of the Notice.

By way of background, by the March 16 order and a subsequent March 17, 2020 order, this Court granted Plaintiffs' unopposed motion for class certification and appointed class representatives and class counsel. The Court certified the Class pursuant to Federal Rule of Civil Procedure 23(b)(1)(a) and (b) and ordered Plaintiffs and Defendants to "jointly submit to the court their proposal for [the Notice], including the content and method for communicating the notice to individual class members." The proposed notice is attached hereto as Exhibit A.

The parties have agreed on the content of the Notice and, as described in Section II below, while they disagree regarding the potential method of distribution of the Notice, Defendants have agreed to Plaintiffs' proposal to avoid burdening the Court with unnecessary motion practice. Plaintiffs propose that the Notice be sent to Class members by email for those whose email addresses are known, and by U.S. mail for those without known email addresses.

## I.     THE PROPOSED CLASS ACTION NOTICE SHOULD BE APPROVED

Federal Rule of Civil Procedure 23(c)(2)(A) does not state any requirements for a notice program pursuant to subsections (b)(1) and (b)(2). However, in the related context of certification pursuant to Rule 23(b)(3), "the best notice that is practicable under the circumstances" must be given, "including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 258 (D.N.H. 2007).

The notice must inform class members of: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires . . . and ([v]) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. Rule 23(c)(2)(B); *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 336 (D. Mass. 2015).[1]

Here, the Notice complies with each requirement. The Notice informs the Class members (i) that this is an action alleging that "Defendants breached their fiduciary duties and engaged in prohibited transactions under" ERISA (Exhibit A at 1); (ii) about the precise definition of the Class (Exhibit A at ¶4); (iii) that in addition to Plaintiffs' allegations and the relief Plaintiffs seek, Defendants deny any wrongdoing (Exhibit A at 1, *Id.* ¶6); (iv) that a class member may retain his or her own attorney if desired (Exhibit A at ¶13); and (v) that the Class members will be "bound by all rulings of the Court, any judgments the Court makes, and any court-approved settlement of any of the claims in this Class Action." Exhibit A at ¶9.

---

[1]     Rule 23(b)(3) notices also require additional information that is not relevant to the current certification including "(v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion[.]" Class members may not request exclusion under Rule 23(b)(1) and (2).

The Notice also goes above and beyond these requirements and clarifies for the Class members that there is no recovery at this time, that they need not take any action to remain a part of the case, that Rule 23(b)(1) does not allow Class members to opt out, that the Class members can visit a website or contact Plaintiffs' counsel for more information, and that Class members will receive an additional notice of and may file objections to any potential future resolution of this Action. This Court previously approved a similar notice for a class that was certified under Rule 23(b)(3). *Allman v. American Airlines , Inc. Airline Pilot Benefit Program Variable Income Plan*, No. 14-cv-10138 (Docket No. 76).

Accordingly, the content of the Notice should be approved.

## II.      THE PLAN OF NOTICE SHOULD BE APPROVED

Under the proposed Notice plan, each Class Member who can be identified through a reasonable search of Defendants' files containing participant data will be sent a copy of the Notice.

It is well-established that notice sent by first class mail is sufficient when the names and addresses of the class members are known. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-77 (1974); *Manual for Complex Litigation* § 21.311 (4th ed. 2004) (explaining that individual notice via mail is preferred when names and addresses are known).

Additionally, Courts in this District and elsewhere have approved notice via electronic mail as an alternative to U.S. mail. *See, e.g., Tracey v. Massachusetts Institute of Technology*, No. 16-cv-11620-NMG (D. Mass. Jan. 7, 2020) (approving class settlement notice sent by email to all participating ERISA class members with known email addresses, and by U.S. mail to those without known email addresses, *see* Docket No. 291 at 14); *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1245 (S.D. Fla. 2016) (approving settlement notice program including "(1) email notice to all Class

members for whom [defendant] had email addresses; [and] (2) notice sent by U.S. first class mail to those Class members for whom [defendant] did not have email addresses").

In an effort to minimize costs that may ultimately be paid by the Class in the event there is a resolution in their favor, Class Counsel has issued requests for proposals ("RFPs") from three professional class action administrators to handle the distribution of the Notice. The RFPs have requested estimates for the cost of distributing the Notice under two scenarios: (i) a paper mailing to the approximately 220,000 Class members[2] and (ii) an email notice for those whose email addresses are known and a paper mailing by U.S. mail to those without known email addresses. Plaintiffs have requested that the administrators respond to the RFPs respond by Friday, April 3, 2020 and provide a firm commitment that they will disseminate the notice within two weeks of receiving the final Notice from Plaintiffs' counsel.

The class action administrator will provide the Notice to all known Class Members by U.S. mail or email to those whose email addresses are known. Publication of the Notice will also be provided via a web site that is listed on the Notice.

Plaintiffs are seeking to provide the Notice in an effective manner that is as cost effective as possible.  In that regard, Plaintiffs submit that the Notice should be sent to Class members by email for those whose email addresses are known, and by U.S. mail to those without known email addresses, which is consistent with precedent in this District. *See Tracey*, No. 16-cv-11620-NMG.

This class action involves an extremely large class and sending the Notice by email to even a small percentage of the Class members could save significant resources for the Class. For example, assuming a potential cost of postage of $0.47 per Notice, if even 25% of the Class

---

[2] After the RFP was issued to proposed class action administrators, Defendants' counsel revised their estimate of the number of class members to 211,000.  That estimate continues to be subject to further refinement.

members receive the Notice by email, then over 50,000 mail Notices will be avoided, saving substantial costs to the Class.  The RFP sent by Plaintiffs seeks estimates under both an all U.S. Mail program and a split email/U.S. Mail program so the costs can be compared.

In the event that the cost savings of sending a portion of the Notices by email is *de minimus* or if the Administrator indicates that sending a portion of the Notices by email would create unnecessary problems, Plaintiffs will request that the Administrator send all Notices by U.S. Mail. Plaintiffs will notify Defendants of this decision prior to the distribution of the Notices.

Defendants estimate that the Class may involve over 211,000 members. Defendants have email addresses for approximately 60% of current participants in the entire Plan, but do not currently know how many of those participants invested in the GE Funds, thus qualifying for Class membership.

Although Defendants believe that dividing notification has the possibility to create inefficiencies and may cause confusion and/or delay (as opposed to the more straight-forward method of proving all potential Class Members notice by mail), since the Notice provides that any questions be directed to class counsel and the administrator (meaning that the Plaintiffs and their administrator will address and be responsible for any possible delays or confusion of class members), Defendants will not oppose Plaintiffs' proposed method of notification.

## III.    THE COURT SHOULD ESTABLISH DATES RELATED TO DISTRIBUTION OF THE NOTICE

The Parties jointly propose deadlines for a schedule of events, including a date for Defendants to provide data for members of the Class to Class Counsel and the class action administrator, for notice to be sent to the Class, and for members of the Class to object to the Class. As such, the Parties request that the Court establish the dates set forth below.

| **DATE** | **EVENT** |
|---|---|
| 21 Calendar Days After Approval of Notice and Plan of Notice | Defendants to provide Class member address and e-mail data and holdings in the Plan's investments to the Class Action Administrator |
| 21 Days After Receipt of Class member data from Defendants | Class Action Administrator to send Notice by U.S. mail and e-mail to the Class |

## IV.   CONCLUSION

For the reasons stated above, the Court should approve the content of the Notice and the parties respectfully request that the Court decide whether Plaintiff's proposed notice plan, or Defendant's proposed notice plan, is appropriate.

Dated: March 27, 2020

/s/ *James O. Fleckner*
James O. Fleckner (BBO# 641494)
Alison V. Douglass (BBO# 646861)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
JFleckner@goodwinlaw.com
ADouglass@goodwinlaw.com

*Counsel for Defendants General Electric Company and GE Asset Management Incorporated*

/s/ *Jason M. Leviton*
Jason M. Leviton (BBO #678331)
BLOCK & LEVITON LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone:  617/398-5600
617/507-6020 (fax)
jason@blockesq.com

R. Joseph Barton
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Telephone: 202/734-7046
202/734-7046 (fax)
Jbarton@blockesq.com

*Liaison Counsel for Plaintiffs*

Orin Kurtz (admitted *pro hac vice*)
GARDY & NOTIS, LLP
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
Telephone:  212/905-0509
212/905-0508 (fax)
okurtz@gardylaw.com

Lee Squitieri (admitted *pro hac vice*)
SQUITIERI & FEARON, LLP
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone:  212/421-6492
212/421-6553 (fax)
lee@sfclasslaw.com

Evan J. Kaufman (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)
ekaufman@rgrdlaw.com

7

Charles H. Field (admitted *pro hac vice)*
SANFORD HEISLER SHARP LLP
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: 619/577-4252
619/577-4250 (fax)
cfield@sanfordheisler.com

*Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Jason M. Leviton, hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 27th day of March, 2020.

s/Jason M. Leviton

1