UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: G.E. ERISA LITIGATION | Master File No. 1:17-12123-IT |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF JAMIE MILLER**

Plaintiffs, together with Defendants, (collectively the "Parties") through undersigned counsel, hereby submit this memorandum of law in support of the Joint Stipulation of Dismissal Without Prejudice of Jamie Miller. As detailed below, the Parties stipulate to the dismissal of Defendant Jamie Miller, who was inadvertently omitted from the Parties' prior stipulations of dismissal for certain defendants. Although the Court has recently certified the class, notice is not required as the absent class members will suffer no prejudice. Accordingly, the Parties submit their joint stipulation dismissing Jamie Miller without prejudice.

On October 4, 2018, Plaintiffs dismissed all claims against certain defendants named in their Second Amended Complaint who did not serve on the GE Asset Management ("GEAM") Committee or Benefit Plan Investment Committee ("BPIC") until after the sale of GEAM to State Street Corporation on July 1, 2016. Notice of Dismissal (ECF No. 101). Jamie Miller, who was the Chief Financial Officer of defendant General Electric Company ("GE"), did not serve on the BPIC until "approximately late-2017." Second Amended Complaint (ECF No. 54) at ¶ 32(g). Accordingly, Defendants anticipated that Ms. Miller would be included in the October 4, 2018 dismissal, as reflected in Defendants' Answer, noting that Ms. Miller "has since been dismissed from this action (ECF No. 101)." Answer (ECF No. 110) at ¶ 82. Ultimately, Ms. Miller was apparently not dismissed in October 2018 because she had previously served on the Pension Board. However, the Parties have since agreed to dismiss defendants who served on

the Pension Board. *See* Stipulation of Dismissal with Prejudice of Certain Defendants, filed December 13, 2019 and entered by the Court on March 16, 2020. (ECF Nos. 138-1, 175). As such, Ms. Miller should have been dismissed alongside the other Pension Board members.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared, subject to Rule 23(e). Although Rule 23(e) typically requires court approval after notice to the certified class and a fairness hearing, courts except from the notice and hearing requirement situations like those here, that involve just one of multiple related defendants whose dismissal will cause no prejudice to the class. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 209923, at *3 (S.D. Tex. Jan. 24, 2007) (holding "notice to the absent class members and a hearing are required for a motion for court approval of a voluntary dismissal under Rule 41(a) only when the class is "bound" by the dismissal, i.e., that it is precluded from asserting its claims"). For example, the court in *In re Triarc Companies, Inc.* determined that the notice requirements of Rule 23(e) did not apply to the voluntary dismissal of individual named defendants where: "[n]o possibility of any collusive settlement exists" and there was no "suggest[ion] [of] any potential prejudice to the nonparty class." 1998 WL 743673, at *4 n.7 (D. Del. Sept. 30, 1998) ("In the absence of prejudice, the court will not invalidate plaintiffs' otherwise properly filed notice of voluntary dismissal. Because the policies of Rule 23(e) are not implicated . . . no notice is required."); *cf. Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 4 (1st Cir. 1999) ("Rule 23(e) only requires court approval of the dismissal or compromise of '[the] class action' itself; it in no way suggests that negotiated resolutions of disputes peripheral to the class action need be approved.").

Here, Rule 23(e) is not implicated by the Parties' stipulation because the absent class members will not suffer prejudice from the dismissal of Ms. Miller, whom the Parties had intended to be dismissed as a result of their stipulations of October 2018 and December 2019, each entered into prior to class certification. The dismissal of Ms. Miller at this stage of the lawsuit has no impact on class members' rights. First, the dismissal of Ms. Miller does not affect in any way Plaintiffs' remaining claims or the potential liability of the remaining twenty-six Defendants, which include GE. Second, the dismissal of Ms. Miller likewise does not alter the amount of potential damages or relief to the class. As such, "[i]n the absence of prejudice, the court [should] not invalidate plaintiffs' otherwise properly filed notice of voluntary dismissal." *In re Triarc Companies, Inc.*, 1998 WL 743673, at *4 n.7.

For the foregoing reasons, the Parties stipulate to the dismissal without prejudice of Defendant Jamie Miller.

Dated:  April 28, 2020

| | |
|---|---|
| */s/ Jason M. Leviton* | */s/ James O. Fleckner* |

<div style="columns:2">

Jason M. Leviton
BLOCK & LEVITON LLP
155 Federal Street, Suite 400
Boston, MA  02110
Telephone:  617/398-5600
617/507-6020 (fax)
jason@blockesq.com

R. Joseph Barton
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC  20009
Telephone: 202/734-7046
202/734-7046 (fax)
Jbarton@blockesq.com

*Liaison Counsel for Plaintiffs*

Mark C. Gardy (admitted *pro hac vice)*
Orin Kurtz (admitted *pro hac vice)*
GARDY & NOTIS, LLP
Tower 56
126 East 56th Street, 8th Floor
New York, NY  10022
Telephone:  212/905-0509
212/905-0508 (fax)
mgardy@gardylaw.com
okurtz@gardylaw.com

Lee Squitieri (admitted *pro hac vice*)
SQUITIERI & FEARON, LLP
32 East 57th Street, 12th Floor
New York, NY  10022
Telephone:  212/421-6492
212/421-6553 (fax)
lee@sfclasslaw.com

James O. Fleckner (BBO# 641494)
Alison V. Douglass (BBO# 646861)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
JFleckner@goodwinlaw.com
ADouglass@goodwinlaw.com

*Counsel for Defendants*

</div>

Evan J. Kaufman (admitted *pro hac vice)*
Magdalene Economou (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
ekaufman@rgrdlaw.com
meconomou@rgrdlaw.com

Charles H. Field (admitted *pro hac vice)*
SANFORD HEISLER SHARP LLP
655 West Broadway, Suite 1700
San Diego, CA  92101
Telephone: 619/577-4252
619/577-4250 (fax)
cfield@sanfordheisler.com

Andrew Miller (BBO #682496)
SANFORD HEISLER SHARP LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, DC  20003
Telephone: 202/499-5200
202/499-5199 (fax)
amiller@sanfordheisler.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I, James O. Fleckner, hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 28th day of April, 2020.

                      */s/ James O. Fleckner*