UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re GE ERISA LITIGATION | ) Master File No. 1:17-cv-12123-IT |
| | ) |
| | ) <u>CLASS ACTION</u> |
| This Document Relates To: | ) |
| | ) [PROPOSED] FINAL JUDGMENT AND |
| ALL ACTIONS. | ) ORDER OF DISMISSAL WITH PREJUDICE |
| | ) |

This matter having come before the Court on Plaintiffs' motion for final approval of a proposed class action settlement of the above-captioned action (the "Action") (ECF 368) between Plaintiffs Maria LaTorre, Robyn Berger, Brian Sullivan, Frank Magliocca, Melinda Stubblefield, Kristi Haskins, Laura Scully, Donald J. Janak, John Slatner, and Chip Knight ("Plaintiffs"), individually and on behalf of a class of participants in the GE Retirement Savings Plan (the "Plan"); and General Electric Company ("GE" or the "Company"), GE Asset Management ("GEAM"), Benefit Plans Investment Committee ("BPIC"), GEAM Committee, Carol Anderson, Jeffrey Bornstein, Matthew Cribbins, John Flannery, Puneet Mahajan, Trevor Schauenberg, Keith Sherin, Brian Worrell, Dmitri Stockton, George Bicher, Paul Colonna, Michael J. Cosgrove, Gregory Hartch, Jessica Holscott, Ralph Layman, Matthew J. Simpson, Donald W. Torey, John Walker, David Wiederecht, Tracie Winbigler, Matthew Zakrzewski, Jeanne M. LaPorta, the GE Pension Board, the GE Board of Directors, and nominal defendant GE Retirement Savings Plan (collectively, "Defendants"), as set forth in the Parties' Settlement Agreement dated September 29, 2023 (the "Settlement Agreement") (ECF 349), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

WHEREAS, Plaintiffs in the Action on their own behalf and on behalf of the Class and the Plan, on the one hand, and Defendants on the other hand, have entered into the Settlement Agreement that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by the Class on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

WHEREAS, the capitalized terms not defined in this Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") have the same meaning ascribed to them in the Settlement Agreement;

WHEREAS, by Order entered on October 20, 2023 (the "Preliminary Approval Order") (ECF 360), this Court: (1) preliminarily approved the Settlement Agreement; (2) directed notice be given to the Class and approved the form and manner of Notice; and (3) scheduled a Fairness Hearing;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on March 7, 2024 (the "Fairness Hearing") to consider, among other things: (1) whether the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's application for an award of Attorneys' Fees and Expenses is reasonable and should be approved; (3) whether Plaintiffs' request for Incentive Awards is reasonable and should be approved; and (4) whether this Final Judgment should be entered dismissing with prejudice all claims asserted in the Action against Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in this Action in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement Agreement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. This Final Judgment incorporates and makes a part hereof: (a) the Settlement Agreement; and (b) the Notice approved by the Court on October 20, 2023.

3. The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the releases provided for therein), of their right to object to the Settlement and appear at the Fairness Hearing, of Class Counsel's application for Attorneys' Fees and Expenses, and of Plaintiffs' request for Incentive Awards; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement Agreement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and all other applicable laws and rules. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides and to the Attorney General of the United States.

4. The Settlement was reviewed by an Independent Fiduciary, Fiduciary Counselors, who has found, among other things, that "[t]he $61,000,000 Settlement Amount is a fair and reasonable recovery given the percentage of reasonable recoverable damages, the defenses the

Defendants would have asserted, the risks involved in proceeding to trial and the possibility of reversal on appeal of any judgment favorable to Plaintiffs." ECF 369-1.

5. The Court finds the objections to the Settlement filed by Greta E. Graham (ECF 362) ~~and Damian D. Bivona (ECF 378)~~ at to be without merit. The objections are overruled in their entirety. *The Court finds at the objection of Damian D. Bivona (ECF 378) has been withdrawn, Letter (ECF 381-1)*

6. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects including, without limitation, the terms of the Settlement Agreement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and Class Members. The Parties are directed to implement, perform, and consummate the terms and provisions of the Settlement Agreement.

7. As of the Effective Date, pursuant to Federal Rule of Civil Procedure 54(b), all of the claims asserted in this Action against Defendants are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

8. The terms of the Settlement Agreement and of this Final Judgment shall be forever binding on Plaintiffs, Defendants, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns.

9. The releases set forth in the Settlement Agreement (the "Releases"), are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Judgment. Accordingly, this Court orders that:

(a) Upon the Effective Date, Plaintiffs and every Class Member on behalf of themselves, their heirs, executors, administrators, successors, and assigns, and the Plan (subject to Independent Fiduciary approval as described in Section 2.2 of the Settlement Agreement) shall, with respect to each and every Plaintiffs' Released Claims, be deemed to fully, finally and forever release, relinquish and discharge each and every Plaintiffs' Released Claims (including Unknown Claims) against any and all of Defendants and the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiffs' Released Claims.

(b) Upon the Effective Date, Defendants and the Released Parties, on behalf of themselves and their successors and assigns shall be deemed to fully, finally and forever release, relinquish and forever discharge each and every Defendants' Released Claims (including Unknown Claims), as to Plaintiffs, the Class and their attorneys (including Class Counsel), and forever shall be enjoined from prosecuting any such claims.

(c) Nothing herein shall preclude any action to enforce the Settlement Agreement.

10. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the claims asserted in the Action.

11. This Final Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto, the negotiations that led to the agreement-in-principle reached by the Parties, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement Agreement, and any proceedings taken pursuant to or in connection with the Settlement Agreement, including any arguments proffered in connection therewith:

    (a) shall not be offered or received against Defendants or any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants or a Released Party of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or any of the Released Parties;

    (b) shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any of the Released Parties;

    (c) shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants or any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the

Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, Defendants or the Released Parties may refer to it to effectuate the liability protection granted them hereunder; and

    (d)  shall not be construed against Defendants or any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action.

  12.  The Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Amount or Net Settlement Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

  13.  Without affecting the finality of this Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement Agreement; (b) the disposition of the Settlement Fund; (c) Class Counsel's application for an award of Attorneys' Fees and Expenses and Plaintiffs' request for Incentive Awards; and (d) Class Members for all matters relating to the Action.

  14.  Separate orders shall be entered regarding the proposed Plan of Allocation and Class Counsel's application for an award of Attorneys' Fees and Expenses and Plaintiffs' request for Incentive Awards. Such orders shall in no way affect or delay the finality of this Final Judgment and shall not affect or delay the Effective Date of the Settlement.

15.  Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto that: (a) are not materially inconsistent with this Final Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement Agreement.

16.  If the Settlement Agreement does not go into effect or is terminated as provided for therein, then this Final Judgment (and any orders of the Court relating to the Settlement Agreement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

17.  There is no just reason to delay entry of this Final Judgment as a final judgment with respect to the claims asserted in the Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED.

DATED: Mar. 8, 2024

THE HONORABLE INDIRA TALWANI
UNITED STATES DISTRICT JUDGE